IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE TOWN OF PINE HILL, ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:24-00284-KD-N |
| | ) |
| 3M COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant 3M's motion to stay the court's remand order pending appeal (Doc. 94) and Pine Hill's response. (Doc. 96). Upon consideration, the motion is **GRANTED**.[1] Because the case was prematurely transmitted back to state court, the Clerk of Court is directed to notify the state court of this action.

3M removed this case from state court on the bases of 28 U.S.C. §1442 (federal officer removal) and diversity jurisdiction. On March 6, 2025, this Court issued a judgment finding that this Court did not have jurisdiction under federal officer removal or diversity jurisdiction and ordered remand of this case to state court. (Doc. 87). On March 7, 2025, the clerk of court emailed the letter to state court notifying it of the court's judgment of remand. (Doc. 88). A few hours later, 3M filed an appeal of the remand order. (Doc. 89). 3M appealed pursuant to 28 U.S.C. §1447(d). The relevant portion of §1447(d) provides that "an order remanding a case to the State court from which it was removed pursuant to section §1442 or §1443 of this title shall

---

[1] The Court notes that an order is not necessary as the stay was automatic upon the filing of the appeal.

be reviewable by appeal or otherwise." On March 14, 2025, 3M filed this motion to stay execution of the remand order pending appeal. Pine Hill objects.

Pine Hill first asserts that this Court has been divested of jurisdiction to stay the case because the clerk of court has already mailed the remand order to state court. The Court disagrees that mailing the remand order alone divested the court of jurisdiction. As explained in Plaquemines Par. v. Chevron USA, Inc., 84 F.4th 362(5th Cir. 2023), Pine Hill

> overread[s] 28 U.S.C. § 1447(c), which states, "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Plaintiffs quote *Arnold v. Garlock, Inc.*, for the proposition that the "district court is divested of jurisdiction" at the time "the remand order ... is certified and mailed by the clerk of the district court," 278 F.3d 426, 438 (5th Cir. 2001), and conclude that the district court below was divested of jurisdiction to stay the remand order upon mailing it. But this argument proves too much. It is inconsistent with the undisputed proposition that the district court *retains jurisdiction* to vacate its already-mailed remand order because the order is appealable under section 1447(d).… [W]here a remand order is appealable under section 1447(d), "the remand order is treated like any other final judgment." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994).

Id. at 372.[2]

Moreover, pursuant to Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Federal Rule of Civil Procedure 54(a) defines "judgment" as "a decree and any order from which an appeal lies." So, although the remand order has been transmitted, the 30-day automatic stay is in effect. W. Virginia State Univ. Bd. of Governors for & on behalf of W. Virginia State Univ. v. Dow Chem. Co., No. 2:17-CV-3558, 2020 WL 3053542, at *1 (S.D.W.

---

[2] The concept that the district court retains the jurisdiction to vacate its remand order is found in §1447(d) which states that the remand order "shall be reviewable by appeal or otherwise."

Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."). Pursuant to calculations under Federal Rule of Civil Procedure 6(a), the automatic stay was in effect until April 7, 2025. Accordingly, the undersigned did not lose jurisdiction of this case based on the remand order being mailed to state court because the automatic stay was in effect preventing the execution of the court's judgment. In other words, the act of transmitting the order is ineffective at least until the automatic stay expired.

Pine Hill next asserts that 3M is not entitled to an automatic stay pending appeal. In support, Pine Hill cites Clark v. Georgia, No. 23-13368, Doc. 26(11th Cir. Dec. 21, 2023), wherein the Eleventh Circuit denied in an unpublished order Clark's motion to stay a state court criminal proceeding while Clark appealed the District Court's order of remand.[3] Clark had attempted to remove his state criminal case under the federal officer removal statue, 28 U.S.C. § 1442. Pine Hill asserts that the Eleventh Circuit indicated in its order that there is not a mandatory stay in cases involving remand of cases that are removed under §1442. The Court disagrees that the Eleventh Circuit has taken this position.

In response to the assertion that Coinbase, Inc. v. Bielski, 599 U.S. 736, 741(2023) required a mandatory stay of a state criminal case, the Court in Clark stated that "the Griggs 'background principle' animating Coinbase does not support a stay of Clark's state criminal case…. If the Griggs principle applied, Clark could perhaps stay his district court proceedings—but instead, he seeks a stay of his state court prosecution." Clark, Doc. 26 at 2(emphasis added).

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2

The referenced "background principle" is that an appeal "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58(1982).  As the Court in Clark indirectly notes, there were no ongoing proceedings in district court to stay, rather the proceedings were in state court.  Thus, the Griggs principle is not implicated.

Clark is clearly distinguishable on the important fact that Clark was attempting to remove his criminal case. Section 1455(b)(3) provides that "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded."  In other words, unlike civil case removals from state court, the state court was never divested of its jurisdiction over the case.[4]

The District Court in Clark recognized this distinction while agreeing that Coinbase might otherwise be applicable:

> In Coinbase, Justice Kavanaugh wrote for the majority that an automatic stay was appropriate when a court had denied a motion to compel arbitration because the denial could be appealed on an interlocutory basis under federal statute. 599 U.S. at 740–43. Clark argues that the reasoning for an automatic stay of a court's denial to compel arbitration applies equally in his context, where Section 1447(d) allows the appeal of a remand order of a removal action based on federal officer removal, 28 U.S.C. § 1442. Doc. No. [59], 5–8.
> The Court agrees that some language in the Coinbase decision supports Clark's argument. Particularly, appeals of Section 1442 remand orders and denials of motions to compel arbitration are similar because they both are exceptions to general rules that do not allow for appeals. Compare 28 U.S.C. § 1447(d) (disallowing appeals of remand orders except for cases removed under Sections 1442 or 1443) with Coinbase, 599 U.S. at 740 ("Section 16(a) creates a rare statutory exception to the usual rule that parties may not appeal before final judgment .... Congress provided for immediate interlocutory appeals of orders denying ... motions to compel arbitration." (citing Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 108–09 (2009))). Moreover, the more central question underlying an appeal of a denial to compel arbitration is a question of "whether

---

[4] 28 U.S.C. §1446 provides that after removal "the State court shall proceed no further…."

4

> the case belongs in arbitration or instead in the district court." Id. at 741. The question presented on a permissible appeal of a remand order likewise involves whether a case "belongs in" federal or state court.
>
> Even taking these considerations into account, however, the Court cannot ignore the *additional statutory directive* that applies to Clark's removal of his criminal prosecution. Distinct from the arbitration context described in Coinbase, Clark's removal of his State criminal prosecution is governed by the procedures described in 28 U.S.C. § 1455.

Georgia v. Clark, No. 1:23-CV-03721-SCJ, 2023 WL 11796094, at *2–3 (N.D. Ga. Nov. 9, 2023)

Thus, the denials of the motion to stay by both the District Court and Eleventh Circuit in Clark are not inconsistent with City of Martinsville, Virginia v. Express Scripts, Inc., 128 F.4th 265, 271 (4th Cir. 2025), wherein the Court found that there was a mandatory stay of the remand order in a civil case based on Coinbase, Inc. v. Bielski, 599 U.S. 736, 741(2023) and Griggs. The Court in Martinsville relied on the fact that "at the time of the appeal, the district court still had an action it needed to take before it could shunt the case elsewhere—the statutorily required mailing of the order. That is a proceeding in the district court to which *Coinbase* applies." Martinsville at 271. In other words, because the judgment of remand had not been enforced, there was still a proceeding related to the appeal which should be stayed pending the appeal as of right.

When a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a). During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. As stated previously, the Court jumped the gun and transmitted the case to the state court before the 30-day period ran. But the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed,

5

this Court lost jurisdiction to execute the remand at the end of the automatic stay.  As explained in <u>Griggs</u>:

> The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. See, *e.g., United States v. Hitchmon,* 587 F.2d 1357 (CA5 1979). Cf. *Ruby v. Secretary of United States Navy,* 365 F.2d 385, 389 (CA9 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 440 (1967).

<u>Griggs</u> at 58.

In <u>BP P.L.C. v. Mayor & City Council of Baltimore</u>, 593 U.S. 230, 141 S. Ct. 1532, 1536(2021), the Court stated that "Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court."  While this is prefatory language, it explains the plain meaning of 29 U.S.C. §1447(d).  Accordingly, the execution of the remand order is stayed until the appeal is complete.

**DONE** and **ORDERED** this **2nd day** of **April, 2025.**

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**
