**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| THE TOWN OF PINE HILL, ALABAMA,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00284-KD-N |

**DEFENDANT 3M COMPANY'S CONSENT MOTION TO STAY ALL DEADLINES PENDING RULING ON TRANSFER TO THE IN RE AFFF MDL AND SUPPORTING MEMORANDUM OF LAW**

Defendant 3M Company ("3M"), by and through undersigned counsel and with the consent of all Parties, respectfully moves this Court for an order staying all deadlines currently pending in this action, including Defendants' October 30 deadline to answer or otherwise respond to the Complaint, pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel") on 3M's motion to transfer this action to *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL No. 2873 (D.S.C.) (the "AFFF MDL").

Plaintiff Town of Pine Hill ("Plaintiff") seeks to hold 3M and other defendants liable for the contamination of its drinking water supply by per- and polyfluoroalkyl substances ("PFAS"). Plaintiff's water supply is already the subject of at least three

cases currently pending in the AFFF MDL, where the plaintiffs have alleged that Plaintiff's drinking water was contaminated by PFAS-containing AFFF. *See Henderson v. 3M Co.*, No. 2:25-cv-03843-RMG (D.S.C.); *Adams v. 3M Co.*, No. 2:25-cv-12919-RMG (D.S.C.); *Fucciolo v. 3M Co.*, No. 2:25-cv-13342-RMG (D.S.C.). The JPML has repeatedly transferred actions where a plaintiff's water supply is already at issue in the AFFF MDL, notwithstanding the plaintiff's disavowal of AFFF-related claims. *See, e.g.,* Transfer Order at 2–3, MDL No. 2873, ECF No. 3536 (J.P.M.L. June 2, 2025) ("Savannah Transfer Order"); Transfer Order at 1–2, ECF No. 3869 (J.P.M.L. Oct. 9, 2025) ("Opelika Transfer Order"); Transfer Order at 2, ECF No. 4225 (J.P.M.L. Apr. 2, 2026) ("April Transfer Order"); Transfer Order at 5, ECF No. 4593 (J.P.M.L. Aug. 11, 2026) ("August Transfer Order").

Accordingly, shortly after this action was remanded by the Eleventh Circuit to this Court, 3M filed a Notice of Potential Tag-Along Action with the Panel, MDL No. 2873, ECF No. 4686, and on October 20, 2026, moved the Panel to transfer this action to the AFFF MDL pursuant to Panel Rule 7.1(b)(i). *See* Exhibit A (Motion to Transfer, MDL No. 2873, ECF No. 4703). 3M anticipates that the JPML will likely consider its Motion to Transfer at a hearing session no later than January 2027, and will rule on transfer within a week or two thereafter. Given the high likelihood that this case will be transferred to the AFFF MDL, the short length of the requested stay, the fact that this case remains at an early procedural stage, and the agreement of all

Parties to the requested stay, a stay is appropriate to promote efficiency and preserve judicial and party resources.

## MEMORANDUM OF LAW

A court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Because the pendency of a transfer motion before the Panel "does not affect or suspend orders and pretrial proceedings" in the district court, J.P.M.L. R. 2.1(d), a stay order from this Court is necessary to pause the existing deadlines. "Courts routinely stay an action pending a transfer decision by a MDL panel, particularly when the transferor court believes that a transfer order is likely." *Poarch Band of Creek Indians v. Amneal Pharms., LLC*, No. CV 20-0279-WS-B, 2020 WL 3833009, at *3 (S.D. Ala. July 8, 2020) (internal quotation marks and citations omitted); *see also Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016).

Courts consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is transferred. *See Est. of Brockel by & through Brockel v. Purdue Pharma L.P.*, No. CV 17-00521-KD-MU, 2018 WL 3113912 (S.D. Ala. Feb. 27, 2018). Each

factor favors a stay. Further, all Parties—Plaintiff and every Defendant—agree that a stay is warranted.

## I. Plaintiff Will Not Be Prejudiced by a Stay.

Plaintiff has agreed to the requested stay, which itself demonstrates the absence of prejudice. Moreover, although this case was filed in 2024, it has only just been reopened following the Eleventh Circuit's mandate; no answer or responsive motion has been filed, the Rule 26(f) conference has not occurred, and no discovery has commenced. *See* ECF Nos. 111–113. A stay will not deprive Plaintiff of any substantive right; it will merely pause proceedings until the Panel rules. *See Maryland v. 3M Co.,* No. CV RDB-23-1836, 2026 WL 1084894, at *4 (D. Md. Apr. 22, 2026) ("[T]here is no significantly prejudicial delay resulting from a stay pending the JPML's decision of 3M's transfer motion, which is expected to issue within the next three months.").

Further, the likelihood of transfer supports a stay. As courts in the Eleventh Circuit have recognized, "it is reasonable to assume that [a] case will eventually be transferred to MDL proceedings" if the JPML "has routinely consolidated similar cases arising out of" similar facts. *Gray v. Target Corp*., No. 13-62769-CIV, 2014 WL 12600138, at *1 (S.D. Fla. Jan. 27, 2014) (granting stay). Given the substantial likelihood of transfer, Plaintiff "will suffer little, if any, prejudice from such a short stay." *Fowler v. Hamilton Med. Ctr., Inc.*, No. 4:08-CV-0055-HLM, 2008 WL

11336192, at *2 (N.D. Ga. May 7, 2008); see *Poarch*, 2020 WL 3833009, at *3 (explaining that stays are especially appropriate "when the transferor court believes that a transfer order is likely.") (quoting *Stanton v. Wells Fargo & Co.*, No. 8:16-CV-3318-T-36JSS, 2017 WL 3701143, at *1) (M.D. Fla. Jan. 23, 2017).

**II. 3M and the Other Defendants Would Suffer Hardship Absent a Stay.**

Without a stay, Defendants would be required to answer or move against the Complaint, conduct a Rule 26(f) conference, and serve initial disclosures in this Court, only for those efforts to become moot after the transfer. *See Hess*, 2016 WL 3483166, at *4 (defendants prejudiced by time and costs spent responding, "perhaps unnecessarily," to complaints that may be transferred). A brief stay, to which all Parties agree, avoids that inefficiency.

**III. A Stay Will Conserve Judicial Resources and Promote Consistency.**

For similar reasons, a stay will promote judicial economy by avoiding duplicative proceedings. In creating the AFFF MDL, the Panel recognized that centralization was necessary to "eliminate[s] duplicative discovery; prevent[s] inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice; and conserve[s] the resources of the parties, their counsel, and the judiciary." *In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). A stay will protect the very efficiencies that multidistrict litigation is meant to produce. See *Shelby County* Transfer Order at 4

(transferring case involving water system at issue in the AFFF MDL to avoid "duplicative discovery regarding the source of PFAS contamination in the City's water supply"); *id.* at 2 (transferring cases involving Alabama water systems at issue in the AFFF MDL because "efficiencies will be gained from centralized pretrial proceedings and the elimination of duplicative discovery."). Because Pine Hill's water supply is already at issue in the *Henderson*, *Adams*, and *Fucciolo* actions pending before the AFFF MDL court, transfer is likely, and "efficiencies will be gained from centralized pretrial proceedings and the elimination of duplicative discovery." April Transfer Order at 2. A stay ensures that this Court does not expend resources on pleadings motions and scheduling matters that the AFFF MDL court may ultimately address. *See Woods*, 2005 WL 8158889, at *1 (stay "promote[s] judicial economy and efficiency"). And because all Parties agree to the stay, granting it will require no further expenditure of this Court's resources on contested motion practice.

**CONCLUSION**

For the foregoing reasons, and with consent of all Parties, 3M respectfully requests that the Court enter an order (1) staying all deadlines currently pending in this action, including the October 30, 2026 deadline to answer or otherwise respond to the Complaint (ECF No. 113) and the Rule 26(f) meeting report and initial disclosure deadlines (ECF No. 112), pending the JPML's ruling on 3M's motion to

transfer; and (2) directing that, should the Panel deny transfer, Defendants shall answer or otherwise respond to the Complaint within thirty (30) days of the Panel's ruling.

DATED: October 22, 2026

/s/ *W. Larkin Radney, IV*
One of the Attorneys for
Defendant 3M Company

**OF COUNSEL:**
M. Christian King
Harlan I. Prater, IV
W. Larkin Radney, IV
Amber N. Thompson
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
cking@lightfootlaw.com
hprater@lightfootlaw.com
lradney@lightfootlaw.com
athompson@lightfootlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of such filing to all counsel of record.

/s/ *W. Larkin Radney*
OF COUNSEL