# Exhibit A

**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873<br><br>This Document Relates To:<br><br>*The Town of Pine Hill, Alabama v. 3M Co., et al.*, No. 2:24-cv-00284-KD-N (S.D. Ala.) |

**DEFENDANT 3M COMPANY'S MOTION TO TRANSFER TAG-ALONG ACTION *TOWN OF PINE HILL* TO THE *IN RE AFFF* MDL**

Pursuant to Judicial Panel on Multi-District Litigation Rule 7.1(b)(i), Defendant 3M Company respectfully moves the Panel for an Order transferring the above-captioned action as a tag-along action to the United States District Court for the District of South Carolina for inclusion in MDL No. 2873. The motion is supported by the accompanying memorandum of law, docket sheet and complaint, schedule of action, and proof of service.

Respectfully submitted,

**Defendant 3M Company**

DATED: October 20, 2026

/s/ *Daniel L. Ring*
Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, Illinois 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
dring@jenner.com

*Counsel for Defendant 3M Company*

**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873<br><br>This Document Relates To:<br><br>*The Town of Pine Hill, Alabama v. 3M Co., et al.*, No. 2:24-cv-00284-KD-N (S.D. Ala.) |

**MEMORANDUM IN SUPPORT OF DEFENDANT 3M COMPANY'S MOTION TO TRANSFER TAG-ALONG ACTION *THE TOWN OF PINE HILL* TO THE *IN RE AFFF* MDL**

Plaintiff seeks to hold 3M and other defendants liable for their alleged roles in contributing to purported contamination of its water supply by per- or polyfluoroalkyl substances ("PFAS") while purporting to disclaim contamination caused by AFFF. But Plaintiff's water supply is already at issue in the MDL—various personal injury plaintiffs have filed actions alleging that they were exposed to PFAS, including from AFFF, as a result of drinking water supplied by Plaintiff.

The Panel has repeatedly determined that transfer to the AFFF MDL is appropriate when a plaintiff's claims involve contamination of a water supply that is already at issue in the MDL even where the plaintiff purports to "explicitly disavow[] claims relating to AFFF use or disposal." Transfer Order at 2–3, ECF No. 3536 (June 2, 2025) ("*Savannah* Transfer Order") (transferring *City of Savannah* after finding it "sufficient" that the action "involve[d] the same water supply already at issue in the MDL"); *see also*, *e.g.*, Transfer Order at 1–2, ECF No. 3869 (Oct. 9, 2025) ("*Opelika* Transfer Order) (transferring *City of Opelika* "because the water supply at issue . . . is already at issue in an action in the MDL," notwithstanding purported "explicit[] disavow[al] [of] claims relating to AFFF use or disposal"); Transfer Order at 2, ECF No. 4225 (Apr. 2, 2026) ("April Transfer Order") (transferring *City of Clanton*, *Shelby County*, *Coosa Valley*, and *City of*

*Irondale* because "the water supplies at issue in those actions are already at issue in actions pending in the MDL," also notwithstanding purported AFFF disavowal); *see also* Transfer Order at 5, ECF No. 4593 (August 11, 2026) ("August Transfer Order") ("We have, in multiple orders, held it sufficient that 3M has identified plaintiffs in the MDL who allege that they consumed water provided by these water providers and that this water allegedly was contaminated from PFAS stemming from AFFF use or disposal.") (internal quotations omitted). As the Panel has recognized, transferring such "overlap[ping]" actions is appropriate because of the "efficiencies [that] will be gained from centralized pretrial proceedings and the elimination of duplicative discovery." April Transfer Order at 2.

The same is true here. Because this action involves alleged PFAS contamination of the same drinking water supply already at issue in multiple cases in the AFFF MDL, transfer is warranted to avoid duplicative discovery and pretrial proceedings, and the Panel should grant 3M's Motion to Transfer.

## BACKGROUND

Plaintiff filed this action in Alabama state court on July 9, 2024, alleging contamination of the drinking water it draws and provides to its customers. *See* Exhibit 1 to Notice of Potential Tag-Along Action, *Pine Hill* Docket Sheet and Compl., ECF No. 4686-3 ("Compl.") ¶¶ 1–8. Plaintiff supplies "treated drinking water directly to its own residential and commercial customers in the Town of Pine Hill, as well as to other customers in or around Wilcox County." *Id.* ¶ 5. Plaintiff alleges that each Defendant, including 3M, has "caused PFAS pollution to the Alabama River, specifically the portion of the river from which Pine Hill draws raw water." *Id.* ¶ 2. Plaintiff alleges that is has suffered damages "[a]s a direct and proximate result of Defendants' contamination of Pine Hill's water supply." *See id.* ¶ 72.

After 3M removed this action to federal court, the district court granted Plaintiff's motion to remand, concluding that 3M had not sufficiently alleged the elements of federal officer removal. *See Town of Pine Hill v. 3M Co.*, 2025 WL 728461 (S.D. Ala. Mar. 6, 2025). The Eleventh Circuit recently reversed that decision, concluding that 3M's notice of removal plausibly alleged a "clear connection between the alleged contamination and its" production of MilSpec AFFF for the federal government, and determining that, despite Plaintiff's attempts to disclaim AFFF, "Pine Hill cannot escape the implication of [3M's] federal defense." *Town of Pine Hill v. 3M Co.*, --- F.4th ----, 2026 WL 2589473, at *4, *6 (11th Cir. Sept. 2, 2026). Notwithstanding two years of jurisdictional disputes, this case remains in early procedural stages; the district court only last week ordered Defendants to respond to the complaint. *Town of Pine Hill v. 3M Co.*, No. 2:24-cv-00284-KD-N, ECF No. 113 (S.D. Ala. Oct. 14, 2026).

Plaintiff's water supply is already at issue in the MDL. At least three plaintiffs in three separate personal injury-actions in the MDL have alleged that they are or were residents of Pine Hill and that, by consuming water provided by Plaintiff, they were exposed to PFAS from AFFF:

- *Henderson v. 3M Co.*, No. 2:25-cv-03843-RMG (D.S.C.), Compl. ¶¶ 7, 12 (alleging exposure to PFAS from AFFF products at plaintiff's Pine Hill residence, including through "PFAS-contaminated water").
- *Adams v. 3M Co.*, No. 2:25-cv-12919-RMG (D.S.C.), Compl. ¶ 277 (plaintiff Stephen Woodyard alleges he is a resident of Pine Hill who was exposed to PFAS by drinking water contaminated with PFAS, including from AFFF).
- *Fucciolo v. 3M Co.*, No. 2:25-cv-13342-RMG (D.S.C.), Compl. ¶¶ 41, 351 (alleging AFFF contamination of the environment and that plaintiff Willis Garner resides in Pine Hill and was exposed to PFAS from drinking water).[1]

---

[1] The *Henderson*, *Adams*, and *Fucciolo* complaints are attached as Exhibit 2 to 3M's notice of potential tag-along. *See* ECF No. 4686-4.

**ARGUMENT**

Transfer of this action to the AFFF MDL is appropriate because it concerns the exact same drinking water supply at issue in at least three separate AFFF cases already pending in the AFFF MDL. The Panel has consistently transferred actions under materially identical circumstances, concluding that such overlap is "sufficient" for transfer. *See Savannah* Transfer Order at 3; *Opelika* Transfer Order at 2; April Transfer Order at 3–4; August Transfer Order at 5. The Panel should reach the same result in this case for the same reasons.

In *Savannah*, the plaintiff—the City of Savannah, Georgia—alleged that "its drinking water supply ha[d] been contaminated by PFAS" stemming from various industrial sources. *Savannah* Transfer Order at 2. The plaintiff "explicitly disavow[ed] claims relating to AFFF use or disposal." *Id.* 3M moved to transfer because (among other reasons) Savannah's water supply was already at issue in a personal injury action pending in the MDL. *See id.* In opposing transfer, Savannah argued that the only potential overlap with the MDL concerned "a single personal injury action" with minimal connection to Savannah, and that the defendants named in its action were different from those named in the MDL action. *Id.* at 3. The Panel rejected those arguments, concluding that transfer was appropriate because it was "sufficient that *City of Savannah* involves the same water supply already at issue in the MDL." *Id.*

Similarly, in *Opelika*, the plaintiff—the City of Opelika, Alabama—alleged that "its drinking water supply ha[d] been contaminated by PFAS stemming from various chemical and industrial facilities and landfills." *Opelika* Transfer Order at 1. Like the plaintiff in *Savannah*, Opelika "explicitly disavow[ed] claims relating to AFFF use or disposal." *Id.* 3M moved to transfer because Opelika's water supply was already at issue in a personal injury action pending in the MDL in which the plaintiff alleged that she was exposed to AFFF by drinking water at her

residence in Opelika. *Id.* Opelika raised several arguments in opposition to transfer, including that its action was "overwhelmingly focused on the use and discharge of non-AFFF PFAS in industrial manufacturing" and that any overlap between the cases could be addressed through "informal coordination." *Id.* at 2 (internal quotations omitted). In rejecting those arguments, the Panel concluded that because the "*City of Opelika* and the MDL involve the same water sources," they were "sufficiently intertwined" such that "transfer [was] necessary to avoid duplicative discovery and pretrial proceedings." *Id.* (internal quotations omitted).

The Panel recently reinforced this reasoning in transferring several actions brought by municipal water suppliers, explaining that it has, in "multiple orders, held it sufficient that 3M has identified plaintiffs in the MDL who allege that they consumed water provided by these water providers and that this water allegedly was contaminated from PFAS stemming from AFFF use or disposal." August Transfer Order at 5 (internal quotations omitted). In transferring these actions, the Panel rejected arguments that the MDL complaints relied upon by 3M to identify overlap were insufficiently detailed. *See id.* Because the complaints identified a "personal injury plaintiff by name, their state of current residence, whether they are alleging exposure to AFFF through groundwater or through firefighter turnout gear, their alleged injuries, and where each plaintiff was exposed to contaminated drinking water," the "necessary factual overlap to warrant transfer" had been "establish[ed]." *Id.* at 6.

That the Panel previously denied transfer of this action[2] is no obstacle to transfer. As explained above, since that time, personal injury plaintiffs have brought new actions in the AFFF MDL alleging exposure to PFAS from drinking water provided by Plaintiff. The Panel recently transferred two actions—*Shelby County* and *City of Irondale*—on similar grounds even though the

[2] *See* Order Denying Transfer, ECF No. 3260 (Feb. 12, 2025).

Panel had previously denied transfer of those cases. *See* April Transfer Order at 1 ("We previously denied motions to transfer *Shelby County* and *City of Irondale*."), *id.* at 2 ("We conclude that transfer of the four Alabama actions, including *Shelby County* and *City of Irondale*, is now warranted because the water supplies at issue in those actions are already at issue in actions pending in the MDL."). As the Panel explained, because 3M "identified one or more personal injury actions in the MDL in which a plaintiff alleges that they drank water from the Alabama water providers, that PFAS in the water injured them, and that this PFAS stemmed from AFFF use or disposal," transfer of the actions was appropriate notwithstanding the Panel's previous denial. *Id. See also* Transfer Order at 2, ECF No. 4397 (June 4, 2026) (transferring *State of Maryland* following prior denial of motion to transfer); Transfer Order at 2–3, ECF No. 4152 (Feb. 5, 2026) (same with respect to *Aqua Pennsylvania II*).

Nor does Plaintiff's attempt to disclaim damages from AFFF preclude transfer. In *Savannah*, *Opelika*, and the four cases transferred in the April Transfer Order, plaintiffs made the same attempt, expressly disclaiming contamination from AFFF and arguing that their actions concerned only industrial or commercial PFAS contamination. *See Savannah* Transfer Order at 2 (the plaintiff "explicitly disavow[ed] claims relating to AFFF use or disposal" and alleged PFAS contamination from "various chemical, textile, paper mill, and other manufacturing facilities"); *Opelika* Transfer Order at 2 (the plaintiff "explicitly disavow[ed] claims relating to AFFF use or disposal" and claimed its case was "overwhelmingly focused on the use and discharge of non-AFFF PFAS in industrial manufacturing") (internal quotations omitted); April Transfer Order at 1, 4 (similar). But as the Panel recently observed, where there is "overlap" between an action and personal injury actions already pending in the AFFF MDL, transfer cannot be avoided merely because a plaintiff "carefully avoid[s] naming certain AFFF manufacturers." August Transfer

Order at 5. In other words, nothing in Plaintiff's disclaimer or its allegations about non-AFFF contamination preclude transfer where, as here, 3M has identified MDL plaintiffs who allege Plaintiff's supply is contaminated with AFFF.

In sum, this case is no different than the many other cases involving overlapping water supplies that the Panel has transferred. Accordingly, this action should be transferred because there is "likely to be duplicative discovery regarding the source of PFAS contamination" in Plaintiff's water supply. *See, e.g.*, April Transfer Order at 4.

**CONCLUSION**

For the reasons discussed above, the panel should grant this motion and transfer the above-captioned case into the MDL.

Dated: October 20, 2026.

Respectfully submitted,

*/s/ Daniel L. Ring*
Daniel L. Ring
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 923-2625
Fax: (312) 527-0484
dring@jenner.com

*Counsel for Defendant 3M Company*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873 |

**SCHEDULE OF ACTION**

| | Plaintiff | Defendants | District | Civil Action No. | Judge |
|---|---|---|---|---|---|
| **1.** | THE TOWN OF PINE HILL | 3M COMPANY, INC.; BASF CORPORATION, DUPONT DENEMOURS, INC.; CORTEVA, INC.; EIDP, INC., F/K/A E.I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; DAIKIN AMERICAN, INC.; INTERNATIONAL PAPER COMPANY; SHANNON DIXON STEVE WEBB; CARLA PEARSON; SOLENIS LLC; and FICTITIOUS DEFENDANTS A-J, those persons, corporations, Partnerships or entities who acted with as principal or agent, for or in concert with the other named Defendants and/or whose acts caused or contributed to the damages sustained by the Plaintiff, whose identities are unknown | S.D. Ala. | 2:24-cv-00284-KD-N | Kristi K. DuBose |

| | | | | | |
|---|---|---|---|---|---|
| | | to the Plaintiff, but which will be substituted by amendment when ascertained | | | |

Respectfully submitted,

**Defendant 3M Company**

DATED: October 20, 2026

/s/ *Daniel L. Ring*

Daniel L. Ring
Jenner & Block LLP
353 N. Clark St.
Chicago, Illinois 60654
Tel: (312) 222-9350
Fax: (312) 527-0484
dring@jenner.com

*Counsel for Defendant 3M Company*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation | MDL No. 2873 |

**PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of 3M's motion to transfer, supporting brief, docket sheet and complaint, and schedule of action were served electronically on all counsel of record in the above-captioned matter via ECF by October 20, 2026, and that copies were also served by First Class Mail and/or email on all parties in the following cases by October 20, 2026, as indicated below.

***The Town of Pine Hill, Alabama v. 3M Co., et al.*, No. 2:24-cv-00284-KD-N (S.D. Ala.)**

**By Mail and Email:**

David Diab
**Beasley Allen Law Firm**
218 Commerce St
Montgomery, AL 36104
david.diab@beasleyallen.com

Matthew Ross Griffith
**Beasley Allen Law Firm**
301 St. Louis St
Mobile, AL 36602
Matt.Griffith@BeasleyAllen.com

Elizabeth Grace Weyerman Walden
Gavin Floyd King
Jeffrey Donald Price
Jere L. Beasley
Rhon E. Jones
**Beasley Allen Law Firm**
Post Office Box 4160
Montgomery, AL 36103
elizabeth.weyerman@beasleyallen.com
Gavin.King@BeasleyAllen.com
Jeff.Price@BeasleyAllen.com
kathy.eckermann@beasleyallen.com
rhon.jones@beasleyallen.com

Elliot Bienenfeld
**Beasley Allen Law Firm**
Overlook II, 2839 Paces Ferry Rd SE, Suite 400
Atlanta, GA 30339
elliot.bienenfeld@beasleyallen.com

***Counsel for Plaintiff***

**By Email:**

Andrew Burns Johnson
**Bradley, Arant, Boult Cummings**
1819 Fifth Ave. N.
Birmingham, AL 35203
ajohnson@bradley.com

***Counsel for Defendant BASF Corporation***

Clinton Timothy Speegle
John M. Johnson
Mary Elizabeth Harrison
**Lightfoot Franklin & White, LLC**
400 20th Street North
Birmingham, AL 35203
cspeegle@lightfootlaw.com
jjohnson@lightfootlaw.com
eharrison@lightfootlaw.com

Case MDL No. 2873 Doc #: 4701-3 Filed: 10/20/25 Page 3 of 4

William H. Traeger, III
P. O. Box 590
Demopolis, AL 36732-0590
wht@manleytraegerlaw.com

***Counsel for Defendants Dupont de Nemours, Inc.; Corteva, Inc.; EIDP, Inc.; f/k/a E. I. Du Pont De Nemours and Company, Inc.; and The Chemours Company***

**Christopher Lynch Yeilding**
**Elizabeth Flachsbart**
**Balch & Bingham**
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
cyeilding@balch.com
eflachsbart@balch.com

James Robert Saywell
**Jones Day**
Northpoint, 901 Lakeside Avenue
Cleveland, OH 44114
jsaywell@jonesday.com

Allen McLean Estes
**Balch & Bingham**
P.O. Box 306
Birmingham, AL 35201
aestes@balch.com

Michael E. Upchurch
**Frazer, Greene, Upchurch & Baker LLC**
P. O. Box 1686
Mobile, AL 36633
meu@frazergreene.com

***Counsel for Defendant Daiken America, Inc.***

William M. Pompey
**Pompey & Pompey**
P.O. Box 189
Camden, AL 36726
pandppc@frontiernet.net

Case: MDL No. 2873 Doc# 4703-3 Filed: 10/20/26 Page 4 of 4

Ambria LaFaye Lankford
Kenneth Martin Perry
**Ken Perry Law Firm, LLC**
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
all@kenperrylawfirm.com
kp@kenperrylawfirm.com

***Counsel for Defendants International Paper Company; Shannon Dixon; Steve Webb; Carla Pearson***

Richard Eldon Davis
**Starnes & Atchison LLP**
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
rdavis@starneslaw.com

James Harris Heller
Jillian Flax
Shelby Riney
**Cozen O'Connor**
1650 Market Street, Suite 2800
Philadelphia, PA 19103
jimheller@cozen.com
jflax@cozen.com
sriney@cozen.com

***Counsel for Defendant Solenis LLC***

Respectfully submitted,

**Defendant 3M Company**

DATED: October 20, 2026

/s/ *Daniel L. Ring*

Daniel L. Ring
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel: (312) 923-2625
Fax: (312) 527-0484
dring@jenner.com

*Counsel for Defendant 3M Company*

Case MDL No. 2873 Doc# 117-147 Filed 10/20/26 Page 1 of 41

Query Reports Utilities Help Log Out

R16MLD

## U.S. District Court
## SOUTHERN DISTRICT OF ALABAMA (Selma)
## CIVIL DOCKET FOR CASE #: 2:24-cv-00284-KD-N

The Town of Pine Hill, Alabama v. 3M Company et al
Assigned to: District Judge Kristi K. DuBose
Referred to: Magistrate Judge Katherine P. Nelson
Case in other court: 11th Circuit, 25-10746
Cause: 28:1442 Petition for Removal

Date Filed: 08/14/2024
Jury Demand: Both
Nature of Suit: 290 Real Property: Other
Jurisdiction: Federal Question

**Plaintiff**

**The Town of Pine Hill, Alabama** represented by

**David Diab**
Beasley Allen et al
218 Commerce St
Montgomery, AL 36104
334-495-1509
Fax: 334-954-7555
Email: david.diab@beasleyallen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew Ross Griffith**
Beasley Allen Law Firm
301 St. Louis St
Mobile, AL 36602
251-308-1515
Email: Matt.Griffith@BeasleyAllen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Connor Chase**
Beasley Allen et al
218 Commerce Street
Montgomery, AL 36104
334-495-1348
Email: connor.chase@beasleyallen.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Weyerman Walden**
Beasley Allen Law Firm
Post Office Box 4160
Montgomery, AL 36103
334-495-1575
Email:
elizabeth.weyerman@beasleyallen.com
*ATTORNEY TO BE NOTICED*

**Elliot Bienenfeld**
Beasley Allen
Overlook II
2839 Paces Ferry Rd SE
Suite 400
Atlanta, GA 30339
404-751-1162
Email: elliot.bienenfeld@beasleyallen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gavin Floyd King**
Beasley Allen et al
P.O. Box 4160
Montgomery, AL 36103
800-898-2034
Fax: 334-954-7555
Email: Gavin.King@BeasleyAllen.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Donald Price**
Beasley Allen
P.O. Box 4160
Montgomery, AL 36103
334-269-2343
Fax: 334-954-7555
Email: Jeff.Price@BeasleyAllen.com
*ATTORNEY TO BE NOTICED*

**Jere L. Beasley**
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
334-269-2343
Email: kathy.eckermann@beasleyallen.com
*(Inactive)*
*ATTORNEY TO BE NOTICED*

**Rhon E. Jones**
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
334-269-2343
Email: rhon.jones@beasleyallen.com
*ATTORNEY TO BE NOTICED*

**William Sutton**
218 Commerce Street
Montgomery, AL 36104
334-495-1670
Email: William.Sutton@beasleyallen.com
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**3M Company** represented by

**M. Christian King**
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
205-581-0700
Email: cking@lfwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amber Nicole Thompson**
Lightfoot Franklin & White LLC
400 20th Street North
Birmingham, AL 35203
205-581-0700
Email: athompson@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Harlan I. Prater , IV**
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
205-581-0700
Fax: 2055810799
Email: hprater@lfwlaw.com
*ATTORNEY TO BE NOTICED*

**Kayla R. Williams**
Lightfoot Franklin White
400 20th Street North
Birmingham, AL 35203
304-382-9677
Fax: 205-581-0799
Email: kwilliams@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Wesley B. Gilchrist**
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
205-581-0735
Fax: 205-380-9135
Email: wgilchrist@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**William Larkin Radney , IV**
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
205-581-0700
Fax: 205-581-0799

Email: lradney@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daikin America, Inc.** represented by

**Christopher Lynch Yeilding**
Balch & Bingham
1901 6th Avenue North
Suite 1500
Birmingham, AL 35203
205-226-8728
Email: cyeilding@balch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Robert Saywell**
Jones Day
Issues & Appeals
Northpoint
901 Lakeside Avenue
Cleveland, OH 44114
440-223-8580
Email: jsaywell@jonesday.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Allen McLean Estes**
Balch & Bingham
P.O. Box 306
Birmingham, AL 35201
(205) 251-8100
Fax: 2052268798
Email: aestes@balch.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Flachsbart**
Balch & Bingham
1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35201
205-226-3432
Email: eflachsbart@balch.com
*ATTORNEY TO BE NOTICED*

**Michael E. Upchurch**
Frazer, Greene, Upchurch & Baker LLC
P. O. Box 1686
Mobile, AL 36633
(334) 431-6020
Email: meu@frazergreene.com
*ATTORNEY TO BE NOTICED*

**Defendant**

Case MDL No. 2873 Document 4703-4 Filed 10/22/25 Page 20 of 41

**International Paper Company** represented by **William M. Pompey**
Pompey & Pompey
P.O. Box 189
Camden, AL 36726
334-682-9032
Email: pandppc@frontiernet.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ambria LaFaye Lankford**
Ken Perry Law Firm, LLC
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
205-778-2005
Fax: 205-649-6736
Email: all@kenperrylawfirm.com
*ATTORNEY TO BE NOTICED*

**Kenneth Martin Perry**
Ken Perry Law Firm, LLC
1615 Financial Center
505 20th Street North
Birmingham, AL 35203
(205) 778-2002
Fax: 205-278-1479
Email: kp@kenperrylawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shannon Dixon** represented by **William M. Pompey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ambria LaFaye Lankford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Martin Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Webb** represented by **William M. Pompey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ambria LaFaye Lankford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Martin Perry**

Case MDL No. 3173 Document 147-4 Filed 10/22/25 Page 22 of 41

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carla Pearson** represented by **William M. Pompey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ambria LaFaye Lankford**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kenneth Martin Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BASF Corporation** represented by **Andrew Burns Johnson**
Bradley, Arant, Boult Cummings
1819 Fifth Ave. N.
Birmingham, AL 35203
(205) 521-8000
Fax: 2055218800
Email: ajohnson@bradley.com
*ATTORNEY TO BE NOTICED*

**Vincent John Montalto**
DLA Piper LLP US
51 John F. Kennedy Parkway
Suite 120
Short Hills, NJ 07078-2704
973-307-3033
Fax: 973-215-2803
Email: vincent.montalto@us.dlapiper.com
*TERMINATED: 07/28/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**EIDP, Inc.**
*formerly known as*
E. I. Du Pont De Nemours and Company, Inc.

represented by **Clinton Timothy Speegle**
Lightfoot Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203
205-581-0738
Fax: 205-581-0799
Email: cspeegle@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**John M. Johnson**
Lightfoot, Franklin & White
400 North 20th Street
Birmingham, AL 35203
205-581-0700

Case MDL No. 2873 Document 1470-3 Filed 10/22/24 Page 22 of 41

Email: jjohnson@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**Mary Elizabeth Harrison**
Lightfoot Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203
205-581-0700
Fax: 205-581-0799
Email: eharrison@lightfootlaw.com
*ATTORNEY TO BE NOTICED*

**William H. Traeger , III**
P. O. Box 590
Demopolis, AL 36732-0590
3342891384
Email: wht@manleytraegerlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Chemours Company** represented by **Clinton Timothy Speegle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Elizabeth Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Traeger , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dupont De Nemours, Inc.** represented by **Clinton Timothy Speegle**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Elizabeth Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Traeger , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

Case MDL No. 3073 Document 147-4 Filed 10/22/24 Page 23 of 41

**Defendant**

**Corteva, Inc.** represented by **Clinton Timothy Speegle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Elizabeth Harrison**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William H. Traeger , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Solenis LLC** represented by **Richard Eldon Davis**
Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
2058686000
Fax: 2058686009
Email: rdavis@starneslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Harris Heller**
Cozen O'Connor
1650 Market Street
Suite 2800
Philadelphia, PA 19103
215-665-2189
Email: jimheller@cozen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jillian Flax**
Cozen O'Connor
1650 Market Street
Suite 2800
Philadelphia, PA 19103
215-665-2034
Email: jflax@cozen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shelby Riney**
Cozen O'Connor
1650 Market Street
Suite 2800
Philadelphia, PA 19103

Case MDL No. 2873 Document 3170-4 Filed 10/22/24 Page 24 of 50

215-665-5521
Email: sriney@cozen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/14/2024 | 1 | NOTICE OF REMOVAL ( Filing fee $ 405, Receipt number AALSDC-3443180, Online Credit Card Payment), filed by 3M Company. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A - Summons and Complaint, # 3 Exhibit B - State Court File, # 4 Exhibit C - Consents, # 5 Exhibit D - Declaration of Shannon Dixon, # 6 Exhibit E - Declaration of Steve Webb, # 7 Exhibit F- Declaration of Kevin Gramelspacher, # 8 Exhibit G - Declaration of Carla Pearson) (Radney, William) (Entered: 08/14/2024) |
| 08/14/2024 | 2 | Corporate Disclosure Statement filed by Defendant 3M Company. (Radney, William) (Entered: 08/14/2024) |
| 08/14/2024 | 3 | ANSWER to Complaint with Jury Demand by Dupont De Nemours, Inc.. (Speegle, Clinton) (Entered: 08/14/2024) |
| 08/14/2024 | 4 | ANSWER to Complaint with Jury Demand by The Chemours Company. (Speegle, Clinton) (Entered: 08/14/2024) |
| 08/14/2024 | 5 | ANSWER to Complaint with Jury Demand by EIDP, Inc.. (Speegle, Clinton) (Entered: 08/14/2024) |
| 08/14/2024 | 6 | ANSWER to Complaint with Jury Demand by Corteva, Inc.. (Speegle, Clinton) (Entered: 08/14/2024) |
| 08/15/2024 | 7 | PRELIMINARY SCHEDULING ORDER entered. Rule 26 Meeting Report due by 9/30/2024. Signed by Magistrate Judge Katherine P. Nelson on 8/15/2024. (Attachments: # 1 Consent Form) (meh) (Entered: 08/15/2024) |
| 08/16/2024 | 8 | NOTICE of Appearance by Mary Elizabeth Harrison on behalf of Corteva, Inc., Dupont De Nemours, Inc., EIDP, Inc., The Chemours Company (Harrison, Mary) (Entered: 08/16/2024) |
| 08/16/2024 | 9 | NOTICE of Appearance by John M. Johnson on behalf of Corteva, Inc., Dupont De Nemours, Inc., EIDP, Inc., The Chemours Company (Johnson, John) (Entered: 08/16/2024) |
| 08/16/2024 | 10 | NOTICE of Appearance by William H. Traeger, III on behalf of Corteva, Inc., Dupont De Nemours, Inc., EIDP, Inc., The Chemours Company (Traeger, William) (Entered: 08/16/2024) |
| 08/16/2024 | 11 | Consent MOTION for Extension of Time *to Respond to Complaint* filed by Shannon Dixon, International Paper Company, Carla Pearson, Steve Webb. (Attachments: # 1 Text of Proposed Order Proposed Order) (Lankford, Ambria) (Entered: 08/16/2024) |
| 08/16/2024 | 12 | NOTICE of Appearance by Kenneth Martin Perry on behalf of Shannon Dixon, International Paper Company, Carla Pearson, Steve Webb (Perry, Kenneth) (Entered: 08/16/2024) |
| 08/19/2024 | | MOTIONS REFERRED: 11 Consent MOTION for Extension of Time *to Respond to Complaint*. Referred to Judge DuBose. (meh) (Entered: 08/19/2024) |
| 08/19/2024 | 13 | NOTICE of Appearance by Richard Eldon Davis on behalf of Solenis LLC (Davis, Richard) (Entered: 08/19/2024) |

Case 2:24-cv-00284-KD-N Document 1-7 Filed 10/16/24 Page 10 of 41 PageID# 1355

| | | |
|---|---|---|
| 08/19/2024 | 14 | ENDORSED ORDER granting in part and denying in part 11 Defendants International Paper Company, Shannon Dixon, Carla Pearson and Steve Webb's Consent Motion for Extension of Time to respond to the Complaint. Defendants shall answer or otherwise respond to the Complaint on or before September 20. 2024. Signed by District Judge Kristi K. DuBose on 08/19/2024. (khc) (Entered: 08/19/2024) |
| 08/19/2024 | 15 | Unopposed MOTION for Extension of Time to File Answer re 1 Notice of Removal, filed by Daikin America, Inc.. (Yeilding, Christopher) (Entered: 08/19/2024) |
| 08/20/2024 | | MOTIONS REFERRED: 15 Unopposed MOTION for Extension of Time to File Answer re 1 Notice of Removal. Referred to Judge DuBose. (meh) (Entered: 08/20/2024) |
| 08/20/2024 | 16 | ENDORSED ORDER granting 15 Defendants 3M Company and Daikin America, Inc.'s unopposed Motion for Extension of Time to Respond to the Complaint; re 15 Answer or response due from 3M Company on 9/20/2024; Daikin America, Inc. on 9/20/2024. Signed by District Judge Kristi K. DuBose on 8/20/2024. (khc) (Entered: 08/20/2024) |
| 08/20/2024 | 17 | Unopposed MOTION for Extension of Time to File Answer re 1 Notice of Removal, filed by Solenis LLC. (Davis, Richard) (Entered: 08/20/2024) |
| 08/20/2024 | | MOTIONS REFERRED: 17 Unopposed MOTION for Extension of Time to File Answer re 1 Notice of Removal. Referred to Judge DuBose. (meh) (Entered: 08/20/2024) |
| 08/20/2024 | 18 | MOTION to Remand *& Supporting Brief* filed by The Town of Pine Hill, Alabama. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E) (Griffith, Matthew) (Entered: 08/20/2024) |
| 08/20/2024 | 19 | ENDORSED ORDER granting 17 Defendant Solenis LLC's unopposed Motion for Extension of Time to Respond to the Complaint; re 17 Answer or response due from Solenis LLC on 9/20/2024. Signed by District Judge Kristi K. DuBose on 08/20/2024. (khc) (Entered: 08/20/2024) |
| 08/21/2024 | | MOTIONS REFERRED: 18 MOTION to Remand *& Supporting Brief*. Referred to Judge Katherine P. Nelson. (meh) (Entered: 08/21/2024) |
| 08/21/2024 | 20 | Corporate Disclosure Statement filed by Defendants Solenis LLC, Solenis Holdings 1, LLC, Solenis Holdings, LLC, Olympus Water US Holding Corp. identifying Corporate Parent Solenis Holdings 1, LLC, Corporate Parent Solenis Holdings, LLC, Corporate Parent Olympus Water US Holding Corp. for Solenis LLC.. (Davis, Richard) (Entered: 08/21/2024) |
| 08/22/2024 | 21 | NOTICE of Appearance by Allen McLean Estes on behalf of Daikin America, Inc. (Estes, Allen) (Entered: 08/22/2024) |
| 08/22/2024 | 22 | NOTICE of Appearance by Elizabeth Flachsbart on behalf of Daikin America, Inc. (Flachsbart, Elizabeth) (Entered: 08/22/2024) |
| 08/22/2024 | 23 | TEXT-ONLY ORDER Setting Motion Deadlines re: 18 MOTION to Remand *& Supporting Brief* filed by The Town of Pine Hill, Alabama. District Judge referred said motion to Mag. Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (8/21/2024 elec. ref. notation). Nonmovants' brief(s) in response to said motion, if any, must be filed and served no later than 9/3/2024. Movant's brief in reply to the response(s), if any, must be filed and served no later than 9/10/2024. See S.D. Ala. GenLR 5(a) and CivLR 7 for briefing technical requirements. Motion to be taken under submission on 9/11/2024. Except as permitted by the Court's Local Rules, *e.g.*, S.D. Ala. CivLR 7(f)(3), no other briefing or submissions addressing the subject motion may be filed without leave of the Court for good cause shown. Should the Court determine that oral argument would be beneficial, a hearing will be set by separate order. Otherwise, the motion is being |

| | | |
|---|---|---|
| | | submitted without oral argument. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h). "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h). Signed by Magistrate Judge Katherine P. Nelson on 8/22/2024. (ctn) (Entered: 08/22/2024) |
| 08/22/2024 | 24 | TEXT-ONLY ORDER re: 2 Disclosure Statement filed by 3M Company. The statement cites only Fed. R. Civ. P. 7.1, and substantially tracks the language of only Fed. R. Civ. P. 7.1(a)(1). This is insufficient because (1) it fails to provide the information required by Fed. R. Civ. P. 7.1(a)(2) in actions such as this one "in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)[;]" and (2) because the disclosure requirements of S.D. Ala. CivLR 7.1 are broader than those of Fed. R. Civ. P. 7.1, *see* S.D. Ala. CivLR 7.1(b) ("The Disclosure Statement shall identify the represented entity's general nature and shall identify all parents, subsidiaries, partners, members, managers, trustees, affiliates, and similarly related persons and entities."); Fed. R. Civ. P. 7.1 advisory committees note to 2002 adoption ("Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1."). 3M Company is ORDERED to file an amended disclosure statement curing these deficiencies, using this Court's current form, no later than 8/29/2024 (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf). Signed by Magistrate Judge Katherine P. Nelson on 8/22/2024. (ctn) (Entered: 08/22/2024) |
| 08/22/2024 | 25 | TEXT-ONLY ORDER re: 20 Disclosure Statement, filed by Solenis LLC. The statement is deficient for two reasons. First, it fails to cite S.D. Ala. CivLR 7.1, and otherwise fails to assure the undersigned that it certifies full disclosure required by that rule. *See* S.D. Ala. CivLR 7.1(b) ("The Disclosure Statement shall identify the represented entity's general nature and shall identify all parents, subsidiaries, partners, members, managers, trustees, affiliates, and similarly related persons and entities."); Fed. R. Civ. P. 7.1 advisory committees note to 2002 adoption ("Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1."). Second, it fails to sufficiently provide the information required by Fed. R. Civ. P. 7.1(a) because it alleges that its member corporation has "*a* principal place of business in California" (emphasis added), suggesting more than one. However, for purposes of diversity jurisdiction, a corporation can only have one principal place of business, its "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Solenis LLC is ORDERED to file an amended disclosure statement curing these deficiencies, using this Court's current form, no later than 8/29/2024 (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf). Signed by Magistrate Judge Katherine P. Nelson on 8/22/2024. (ctn) (Entered: 08/22/2024) |
| 08/22/2024 | 26 | TEXT-ONLY ORDER: Dupont De Nemours, Inc., The Chemours Company, EIDP, Inc., and Corteva, Inc. are each ORDERED to file a disclosure statement, *using this Court's current form*, certifying disclosures required by *both* Fed. R. Civ. P. 7.1 *and* S.D. Ala. CivLR 7.1 no later than 8/29/2024 (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf). Signed by Magistrate Judge Katherine P. Nelson on 8/22/2024. (ctn) (Entered: 08/22/2024) |
| 08/22/2024 | 27 | Corporate Disclosure Statement filed by Defendant Daikin America, Inc.. (Yeilding, Christopher) (Entered: 08/22/2024) |
| 08/22/2024 | 28 | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Remand *& Supporting Brief Stipulation and Unopposed Motion for an Additional 7 Days for Defendants to Respond to Plaintiff's Motion to Remand* filed by Corteva, Inc., Dupont |

Case 2:24-cv-00284-KD-N Document 1-4 Filed 10/22/2024 Page 27 of 56 PageID#

| | | |
|---|---|---|
| | | De Nemours, Inc., EIDP, Inc., The Chemours Company. (Johnson, John) (Entered: 08/22/2024) |
| 08/22/2024 | 29 | NOTICE of Appearance by Andrew Burns Johnson on behalf of BASF Corporation (Johnson, Andrew) (Entered: 08/22/2024) |
| 08/22/2024 | | MOTIONS REFERRED: 28 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Remand. Referred to Judge Katherine P. Nelson. (meh) (Entered: 08/22/2024) |
| 08/23/2024 | 30 | TEXT-ONLY ORDER on 27 Disclosure Statement filed by Daikin America, Inc. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action. Signed by Magistrate Judge Katherine P. Nelson on 8/23/2024. (ctn) (Entered: 08/23/2024) |
| 08/23/2024 | 31 | TEXT-ONLY ORDER granting 28 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Remand *& Supporting Brief Stipulation and Unopposed Motion for an Additional 7 Days for Defendants to Respond to Plaintiff's Motion to Remand*. Nonmovants' brief(s) in response to Plaintiff's motion to remand 18 , if any, must now be filed and served no later than 9/10/2024. Movant's brief in reply to the response(s), if any, must now be filed and served no later than 9/17/2024. Motion to now be taken under submission on 9/18/2024. Signed by Magistrate Judge Katherine P. Nelson on 8/22/2024. (ctn) (Entered: 08/23/2024) |
| 08/26/2024 | 32 | Corporate Disclosure Statement filed by Defendants International Paper Company, T. Rowe Price Associates, Inc., Branigar Organization, Inc., The, Carton y Papel Reciclado, S.A., Cartonajes International, S.L., Cartonajes Union S.L., Certified Forest Management LLC, CircleTree Insurance Company, CMCP - INTERNATIONAL PAPER S.A.S., Commercial Realty & Properties LLC, EM Xpedx, S.A. De C.V., English Oak LLC, Federal Forestlands Inc., I.P. CONTAINER HOLDINGS (SPAIN) S.L., International Paper (Asia) Limited, International Paper (Europe) S. r.l., International Paper (New Zealand) Limited, International Paper Asia Limited (Branch Office), International Paper Canada Pulp Holdings ULC, International Paper Cartones Ltda., International Paper Cellulose Fibers Sales Srl, International Paper Company [Delaware], International Paper Company Employee Relief Fund, International Paper Company Foundation, International Paper Distribution (Shanghai) Limited, INTERNATIONAL PAPER DUTCH SERVICES B.V., International Paper Export Sales, Inc., International Paper Financial Services, Inc., International Paper France SAS, International Paper Global Cellulose Fibers Holdings S. r.l., International Paper Holdings (Luxembourg) S. r.l., International Paper Investment (Shanghai) Co., Ltd., International Paper Investment (Shanghai) Co., Ltd., Guangzhou Branch, Basswood Forests LLC, International Paper (India) LLP, International Paper Cabourg SAS, International Paper Cartovar, S.A., International Paper Cellulose Fibers (Poland) sp. z o.o., International Paper Chalon SAS, International Paper CTA (Mexico), S. de R.L. de C.V., International Paper Espaly SAS, International Paper Investments (Luxembourg) S. r.l., International Paper Italia Srl, International Paper Japan Limited, International Paper Madrid Mill, S.L., International Paper Manufacturing & Distribution Limited, International Paper Mexico Company, S. de R.L. de C.V., International Paper Molded Fiber LLC, International Paper Mortagne SAS, International Paper Peru S.R.L., International Paper Polska Sp. z o.o., International Paper Professional Services Corporation, International Paper Russia Holding B.V., International Paper Saint-Amand, International Paper Switzerland GmbH, INTERNATIONAL PAPER UK HOLDINGS LIMITED, IP Acquisition I, LLC, IP Belgian Services Company SRL, IP Canada Holdings Limited, IP CBPR Properties 2 LLC, IP CBPR Properties LLC, IP Commercial Properties LLC, IP Eagle LLC, IP East Holding (Singapore) Pte. Ltd., IP Forest Resources Company, Inc., IP International Holdings, Inc., IP Mexico Holdings S. r.l., IP Petroleum LLC, IP Realty Holdings LLC, IP Singapore Holding Pte. Ltd., IP Timberlands |

Operating Company, Ltd., IP-35, Inc., Lacebark LLC, Lake Superior Land Company, Longleaf Insurance Company, Lost Creek, Inc., Med Packaging SARL, Northwest Pines, Inc., Peninsular Cogeneracin, S.A., Red Bird Receivables, LLC, Sabine River & Northern Railroad Company, Societe Mediterraneenne d'Emballages SAS, SP Forests L.L.C., Supplier Finance Company, LLC, Sustainable Forests L.L.C., Temple Associates LLC, Timberlands Capital Corp. II, Inc., Timberlands Capital Corp. III, Inc., TIN Land Financing, LLC, TIN Timber Financing, LLC, U. C. Realty LLC identifying Corporate Parent T. Rowe Price Associates, Inc., Other Affiliate Basswood Forests LLC, Other Affiliate Branigar Organization, Inc., The, Other Affiliate Carton y Papel Reciclado, S.A., Other Affiliate Cartonajes International, S.L., Other Affiliate Cartonajes Union S.L., Other Affiliate Certified Forest Management LLC, Other Affiliate CircleTree Insurance Company, Other Affiliate CMCP - INTERNATIONAL PAPER S.A.S., Other Affiliate Commercial Realty & Properties LLC, Other Affiliate EM Xpedx, S.A. De C.V., Other Affiliate English Oak LLC, Other Affiliate Federal Forestlands Inc., Other Affiliate I.P. CONTAINER HOLDINGS (SPAIN) S.L., Other Affiliate International Paper (Asia) Limited, Other Affiliate International Paper (Europe) S. r.l., Other Affiliate International Paper (New Zealand) Limited, Other Affiliate International Paper Asia Limited (Branch Office), Other Affiliate International Paper Canada Pulp Holdings ULC, Other Affiliate International Paper Cartones Ltda., Other Affiliate International Paper Cellulose Fibers Sales Srl, Other Affiliate International Paper Company [Delaware], Other Affiliate International Paper Company Employee Relief Fund, Other Affiliate International Paper Company Foundation, Other Affiliate International Paper Distribution (Shanghai) Limited, Other Affiliate INTERNATIONAL PAPER DUTCH SERVICES B.V., Other Affiliate International Paper Export Sales, Inc., Other Affiliate International Paper Financial Services, Inc., Other Affiliate International Paper France SAS, Other Affiliate International Paper Global Cellulose Fibers Holdings S. r.l., Other Affiliate International Paper Holdings (Luxembourg) S. r.l., Other Affiliate International Paper Investment (Shanghai) Co., Ltd., Other Affiliate International Paper Investment (Shanghai) Co., Ltd., Guangzhou Branch, Other Affiliate International Paper (India) LLP, Other Affiliate International Paper Cabourg SAS, Other Affiliate International Paper Cartovar, S.A., Other Affiliate International Paper Cellulose Fibers (Poland) sp. z o.o., Other Affiliate International Paper Chalon SAS, Other Affiliate International Paper CTA (Mexico), S. de R.L. de C.V., Other Affiliate International Paper Espaly SAS, Other Affiliate International Paper Investments (Luxembourg) S. r.l., Other Affiliate International Paper Italia Srl, Other Affiliate International Paper Japan Limited, Other Affiliate International Paper Madrid Mill, S.L., Other Affiliate International Paper Manufacturing & Distribution Limited, Other Affiliate International Paper Mexico Company, S. de R.L. de C.V., Other Affiliate International Paper Molded Fiber LLC, Other Affiliate International Paper Mortagne SAS, Other Affiliate International Paper Peru S.R.L., Other Affiliate International Paper Polska Sp. z o.o., Other Affiliate International Paper Professional Services Corporation, Other Affiliate International Paper Russia Holding B.V., Other Affiliate International Paper Saint-Amand, Other Affiliate International Paper Switzerland GmbH, Other Affiliate INTERNATIONAL PAPER UK HOLDINGS LIMITED, Other Affiliate IP Acquisition I, LLC, Other Affiliate IP Belgian Services Company SRL, Other Affiliate IP Canada Holdings Limited, Other Affiliate IP CBPR Properties 2 LLC, Other Affiliate IP CBPR Properties LLC, Other Affiliate IP Commercial Properties LLC, Other Affiliate IP Eagle LLC, Other Affiliate IP East Holding (Singapore) Pte. Ltd., Other Affiliate IP International Holdings, Inc., Other Affiliate IP Mexico Holdings S. r.l., Other Affiliate IP Petroleum LLC, Other Affiliate IP Realty Holdings LLC, Other Affiliate IP Singapore Holding Pte. Ltd., Other Affiliate IP-35, Inc., Other Affiliate Lacebark LLC, Other Affiliate Lake Superior Land Company, Other Affiliate Longleaf Insurance Company, Other Affiliate Lost Creek, Inc., Other Affiliate Med Packaging SARL, Other Affiliate Northwest Pines, Inc., Other Affiliate Peninsular Cogeneracin, S.A., Other Affiliate Red Bird Receivables, LLC, Other Affiliate Sabine River & Northern Railroad

| | | |
|---|---|---|
| | | Company, Other Affiliate Societe Mediterraneenne d'Emballages SAS, Other Affiliate SP Forests L.L.C., Other Affiliate Supplier Finance Company, LLC, Other Affiliate Sustainable Forests L.L.C., Other Affiliate Temple Associates LLC, Other Affiliate Timberlands Capital Corp. II, Inc., Other Affiliate Timberlands Capital Corp. III, Inc., Other Affiliate TIN Land Financing, LLC, Other Affiliate TIN Timber Financing, LLC, Other Affiliate U. C. Realty LLC, Other Affiliate IP Timberlands Operating Company, Ltd., Other Affiliate IP Forest Resources Company, Inc. for International Paper Company.. (Attachments: # 1 Exhibit A - List of Subsidiaries & Affiliated Companies) (Lankford, Ambria) (Entered: 08/26/2024) |
| 08/26/2024 | 33 | MOTION and APPLICATION for James R. Saywell to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3448975, Online Credit Card Payment) filed by Daikin America, Inc.. (Flachsbart, Elizabeth) (Entered: 08/26/2024) |
| 08/28/2024 | 34 | MOTION and APPLICATION for James Heller to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3450389, Online Credit Card Payment) filed by Solenis LLC. (Attachments: # 1 Certificate of Good Standing) (Heller, James) (Entered: 08/28/2024) |
| 08/28/2024 | 35 | Corporate Disclosure Statement filed by Defendants Solenis LLC, Solenis Holdings 1, LLC identifying Corporate Parent Solenis Holdings 1, LLC for Solenis LLC.. (Davis, Richard) (Entered: 08/28/2024) |
| 08/28/2024 | | MOTIONS REFERRED: 34 MOTION and APPLICATION for James Heller to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 08/28/2024) |
| 08/28/2024 | 36 | Corporate Disclosure Statement filed by Defendant 3M Company. (Radney, William) (Entered: 08/28/2024) |
| 08/29/2024 | 37 | TEXT-ONLY ORDER re: 34 MOTION and APPLICATION for James Heller to Appear Pro Hac Vice filed by Solenis LLC. Heller is ORDERED to amend his application to provide affirmative answers to questions 4(a) and 6 no later than 9/6/2024. Failure to comply may result in denial of the application. Signed by Magistrate Judge Katherine P. Nelson on 8/29/2024. (ctn) (Entered: 08/29/2024) |
| 08/29/2024 | 38 | NOTICE of Filing Exhibits *Certificate of Good Standing* by Daikin America, Inc. re: 33 MOTION and APPLICATION for James R. Saywell to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. (Saywell, James) (Entered: 08/29/2024)** |
| 08/29/2024 | | MOTIONS REFERRED: 33 MOTION and APPLICATION for James R. Saywell to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 08/29/2024) |
| 08/29/2024 | | REFERRAL OF 38 Notice of Filing Exhibits to Judge Nelson. (meh) (Entered: 08/29/2024) |
| 08/29/2024 | 39 | Corporate Disclosure Statement filed by Defendant EIDP, Inc.. (Harrison, Mary) (Entered: 08/29/2024) |
| 08/29/2024 | 40 | Corporate Disclosure Statement filed by Defendant Corteva, Inc.. (Attachments: # 1 Exhibit A) (Harrison, Mary) (Entered: 08/29/2024) |
| 08/29/2024 | 41 | Corporate Disclosure Statement filed by Defendant Dupont De Nemours, Inc.. (Attachments: # 1 Exhibit A) (Harrison, Mary) (Entered: 08/29/2024) |

| | | |
|---|---|---|
| 08/29/2024 | 42 | Corporate Disclosure Statement filed by Defendant The Chemours Company. (Attachments: # 1 Exhibit A) (Harrison, Mary) (Entered: 08/29/2024) |
| 08/30/2024 | 43 | TEXT-ONLY ORDER granting 33 MOTION and APPLICATION for James R. Saywell to Appear Pro Hac Vice for Daikin America, Inc., as supplemented 38 . Signed by Magistrate Judge Katherine P. Nelson on 8/30/2024. (ctn) (Entered: 08/30/2024) |
| 09/03/2024 | 44 | AMENDED 34 MOTION and APPLICATION for James Heller to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. Gen filed by Solenis LLC. (Attachments: # 1 Certificate of Good Standing) (Heller, James) (Entered: 09/03/2024)** |
| 09/03/2024 | | MOTIONS REFERRED: 44 AMENDED MOTION and APPLICATION for to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 09/03/2024) |
| 09/03/2024 | 45 | MOTION and APPLICATION for Jillian Flax to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3452942, Online Credit Card Payment) filed by Solenis LLC. (Attachments: # 1 Certificate of Good Standing) (Flax, Jillian) (Entered: 09/03/2024) |
| 09/03/2024 | | MOTIONS REFERRED: 45 MOTION and APPLICATION for Jillian Flax to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 09/03/2024) |
| 09/06/2024 | 46 | TEXT-ONLY ORDER granting 34 MOTION and APPLICATION for James Heller to Appear Pro Hac Vice for Solenis LLC, as amended 44 . Signed by Magistrate Judge Katherine P. Nelson on 9/6/2024. (ctn) (Entered: 09/06/2024) |
| 09/06/2024 | 47 | TEXT-ONLY ORDER granting 45 MOTION and APPLICATION for Jillian Flax to Appear Pro Hac Vice for Solenis LLC. Signed by Magistrate Judge Katherine P. Nelson on 9/6/2024. (ctn) (Entered: 09/06/2024) |
| 09/06/2024 | 48 | Unopposed MOTION for Extension of Time to File Answer filed by 3M Company, Daikin America, Inc., Shannon Dixon, International Paper Company, Carla Pearson, Steve Webb. (Flachsbart, Elizabeth) (Entered: 09/06/2024) |
| 09/06/2024 | 49 | MOTION and APPLICATION for Shelby Riney to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3454871, Online Credit Card Payment) filed by Solenis LLC. (Attachments: # 1 Certificate of Good Standing) (Riney, Shelby) (Entered: 09/06/2024) |
| 09/06/2024 | | MOTIONS REFERRED: 48 Unopposed MOTION for Extension of Time to File Answer . Referred to Judge DuBose. (meh) (Entered: 09/06/2024) |
| 09/06/2024 | | MOTIONS REFERRED: 49 MOTION and APPLICATION for Shelby Riney to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 09/06/2024) |
| 09/09/2024 | 50 | ENDORSED ORDER granting 49 MOTION and APPLICATION for Shelby Riney to Appear Pro Hac Vice for Solenis LLC. Signed by Magistrate Judge Katherine P. Nelson on 9/9/2024. (ctn) (Entered: 09/09/2024) |
| 09/10/2024 | 51 | Documents endorsed NOTED by District Judge Kristi K. DuBose: Corporate Disclosure Statement 32 filed by International Paper Company, Corporate Disclosure Statement 36 filed by 3M Company, and Corporate Disclosure Statement 35 filed by Solenis LLC. Review of the corporate disclosure statements has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest, which would require disqualification or recusal in this action. (khc) (Entered: 09/10/2024) |

| | | |
|---|---|---|
| 09/10/2024 | 52 | ENDORSED ORDER granting in part and denying in part 48 Defendants 3M Company, Daikin America, Inc., International Paper Company, Shannon Dixon, Carla Pearson, and Steve Webb's Motion for Extension of Time to Respond to the Complaint: re 48 . Defendants shall answer or otherwise respond to the Complaint on or before December 20, 2024. Signed by District Judge Kristi K. DuBose on 9/10/2024. (khc) (Entered: 09/10/2024) |
| 09/10/2024 | 53 | RESPONSE in Opposition re 18 MOTION to Remand *& Supporting Brief Defendant 3M Company's Response in Opposition to Plaintiff's Motion to Remand* filed by 3M Company. (Radney, William) (Entered: 09/10/2024) |
| 09/10/2024 | 54 | Document endorsed NOTED by District Judge Kristi K. DuBose: Corporate Disclosure Statement 27 filed by Daikin America, Inc., Corporate Disclosure Statement 40 filed by Corteva, Inc., Corporate Disclosure Statement 39 filed by EIDP, Inc., Corporate Disclosure Statement 41 filed by Dupont De Nemours, Inc., and Corporate Disclosure Statement 42 filed by The Chemours Company. Review of the corporate disclosure statements has been completed. The review did not reveal any reason to believe that there are potential conflicts of interest, which would require disqualification or recusal in this action. (khc) (Entered: 09/10/2024) |
| 09/11/2024 | 55 | NOTICE of Appearance by Michael E. Upchurch on behalf of Daikin America, Inc. (Upchurch, Michael) (Entered: 09/11/2024) |
| 09/11/2024 | 56 | MOTION for Extension of Time to File Answer re 1 Notice of Removal, filed by Solenis LLC. (Davis, Richard) (Entered: 09/11/2024) |
| 09/12/2024 | 57 | ENDORSED ORDER granting 56 Defendant Solenis LLC's Motion for Extension of Time to Answer. Solenis shall answer or otherwise respond to the Complaint on or before 12/20/2024. Signed by District Judge Kristi K. DuBose on 09/12/2024. (khc) (Entered: 09/12/2024) |
| 09/13/2024 | | REFERRAL OF 53 Response in Opposition to Motion to Judge Nelson. (meh) (Entered: 09/13/2024) |
| 09/17/2024 | 58 | REPLY Brief filed by Plaintiff The Town of Pine Hill, Alabama re: 53 Response in Opposition to Motion *to Remand* filed by The Town of Pine Hill, Alabama. (Griffith, Matthew) (Entered: 09/17/2024) |
| 09/17/2024 | | REFERRAL OF 58 Reply Brief to Judge Nelson. (meh) (Entered: 09/17/2024) |
| 09/29/2024 | 59 | Joint MOTION to Continue *Rule 26(f) Conference and Report Deadline* filed by 3M Company. (Gilchrist, Wesley) (Entered: 09/29/2024) |
| 09/29/2024 | 60 | NOTICE of Appearance by Amber Nicole Thompson on behalf of 3M Company (Thompson, Amber) (Entered: 09/29/2024) |
| 09/30/2024 | | MOTIONS REFERRED: 59 Joint MOTION to Continue *Rule 26(f) Conference and Report Deadline* - Referred to Judge Katherine P. Nelson. (nah) (Entered: 09/30/2024) |
| 09/30/2024 | 61 | TEXT-ONLY ORDER on 32 Disclosure Statement filed by International Paper Company; 20 & 35 Disclosure Statements filed by Solenis LLC; 2 & 36 Disclosure Statements filed by 3M Company; 40 Disclosure Statement filed by Corteva, Inc.; 39 Disclosure Statement filed by EIDP, Inc.; 41 Disclosure Statement filed by Dupont De Nemours, Inc.; and 42 Disclosure Statement filed by The Chemours Company. A review does not reveal any reason to believe that there are potential conflicts of interest that would require recusal in this action. Signed by Magistrate Judge Katherine P. Nelson on 9/30/2024. (ctn) (Entered: 09/30/2024) |

| | | |
|---|---|---|
| 09/30/2024 | 62 | TEXT-ONLY ORDER granting 59 Joint MOTION to Continue *Rule 26(f) Conference and Report Deadline*. The parties must now meet and file a report pursuant to Fed. R. Civ. P. 26(f) in accordance with the Preliminary Scheduling Order 7 no later than 1/31/2025. Signed by Magistrate Judge Katherine P. Nelson on 9/30/2024. (ctn) (Entered: 09/30/2024) |
| 10/09/2024 | 63 | NOTICE of Appearance by Kayla R. Williams on behalf of 3M Company (Williams, Kayla) (Entered: 10/09/2024) |
| 10/10/2024 | 64 | MOTION to Stay re 18 MOTION to Remand *& Supporting Brief 3M Company's Motion to Stay Consideration of Plaintiffs' Motion to Remand Pending the Judicial Panel on Multidistrict Litigation's Final Decision Whether to Transfer This Case to the In RE AFFL MDL* filed by 3M Company. (Attachments: # 1 Exhibit A - Motion to Transfer) (Radney, William) (Entered: 10/10/2024) |
| 10/11/2024 | | MOTIONS REFERRED: 64 MOTION to Stay re 18 MOTION to Remand & Supporting Brief. Referred to Judge Katherine P. Nelson. (meh) (Entered: 10/11/2024) |
| 10/23/2024 | 65 | RESPONSE in Opposition re 64 MOTION to Stay re 18 MOTION to Remand *& Supporting Brief 3M Company's Motion to Stay Consideration of Plaintiffs' Motion to Remand Pending the Judicial Panel on Multidistrict Litigation's Final Decision Whether to Tran filed by The Town of Pine Hill, Alabama. (Attachments: # 1 Exhibit Exhibit A) (Griffith, Matthew) (Entered: 10/23/2024)* |
| 10/24/2024 | | REFERRAL OF 65 Response in Opposition to Motion to Judge Nelson. (fz) (Entered: 10/24/2024) |
| 10/29/2024 | 66 | Brief filed by 3M Company *Brief Letter to Judge DuBose*. (King, M.) (Entered: 10/29/2024) |
| 10/29/2024 | 67 | MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3485418, Online Credit Card Payment) filed by The Town of Pine Hill, Alabama. (Attachments: # 1 Certificate of Good Standing) (Bienenfeld, Elliot) (Entered: 10/29/2024) |
| 10/29/2024 | | REFERRAL OF 66 Brief to Judge Nelson. (meh) (Entered: 10/29/2024) |
| 10/30/2024 | 68 | REPLY to 64 MOTION to Stay re 18 MOTION to Remand *& Supporting Brief 3M Company's Motion to Stay Consideration of Plaintiffs' Motion to Remand Pending the Judicial Panel on Multidistrict Litigation's Final Decision Whether to Tran Reply In Support of its Motion to Stay filed by 3M Company. (Radney, William) (Entered: 10/30/2024)* |
| 10/30/2024 | | REFERRAL OF 68 Reply to Judge Nelson. (meh) (Entered: 10/30/2024) |
| 11/01/2024 | 69 | RESPONSE to 66 Brief filed by The Town of Pine Hill, Alabama. (Attachments: # 1 Exhibit A) (Griffith, Matthew) (Entered: 11/01/2024) |
| 11/01/2024 | | REFERRAL OF 69 Response to Judge Nelson. (nah) (Entered: 11/01/2024) |
| 12/12/2024 | | MOTIONS REFERRED: 67 MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 12/12/2024) |
| 12/13/2024 | 70 | Unopposed MOTION for Extension of Time *to Respond to the Complaint* filed by Daikin America, Inc.. (Flachsbart, Elizabeth) (Entered: 12/13/2024) |

| | | |
|---|---|---|
| 12/13/2024 | | MOTIONS REFERRED: 70 Unopposed MOTION for Extension of Time *to Respond to the Complaint*. Referred to Judge DuBose. (meh) (Entered: 12/13/2024) |
| 12/17/2024 | 71 | ENDORSED ORDER granting in part and denying in part 70 Defendants 3M Company, Daikin America, Inc., International Paper Company, Shannon Dixon, Carla Pearson, Steve Webb, Solenis LLC, and BASF Corporation's Unopposed Motion for Extension of Time to Respond to the Complaint. Defendants shall answer or otherwise respond to the Complaint on or before February 28, 2025. Signed by District Judge Kristi K. DuBose on 12/17/2024. (lhm) (Entered: 12/17/2024) |
| 12/19/2024 | 72 | Corporate Disclosure Statement filed by Defendant BASF Corporation. (Johnson, Andrew) (Entered: 12/19/2024) |
| 12/20/2024 | 73 | TEXT-ONLY ORDER denying 67 MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice for The Town of Pine Hill, Alabama, for failure to timely supplement his application with a Certificate of Good Standing from a federal court dated within 30 days of the application for admission, as required by S.D. Ala. GenLR 83.3(d)(2). Signed by Magistrate Judge Katherine P. Nelson on 12/20/2024. (ctn) (Entered: 12/20/2024) |
| 12/30/2024 | 74 | MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3524176, Online Credit Card Payment) filed by The Town of Pine Hill, Alabama. (Attachments: # 1 Certificate of Good Standing, # 2 Certificate of Good Standing, # 3 Certificate of Good Standing) (Bienenfeld, Elliot) (Entered: 12/30/2024) |
| 12/30/2024 | | MOTIONS REFERRED: 74 MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 12/30/2024) |
| 01/02/2025 | 75 | ENDORSED ORDER granting 74 Second MOTION and APPLICATION for Elliot S. Bienenfeld to Appear Pro Hac Vice for The Town of Pine Hill, Alabama. Signed by Magistrate Judge Katherine P. Nelson on 1/2/2025. (ctn) (Entered: 01/02/2025) |
| 01/28/2025 | 76 | Joint MOTION to Continue filed by 3M Company. (Gilchrist, Wesley) (Entered: 01/28/2025) |
| 01/28/2025 | | MOTIONS REFERRED: 76 Joint MOTION to Continue. Referred to Judge Katherine P. Nelson. (meh) (Entered: 01/28/2025) |
| 01/31/2025 | 77 | TEXT-ONLY ORDER granting second 76 Joint MOTION to Continue *Rule 26(f) Conference and Report Deadline*. The parties must now meet and file a report pursuant to Fed. R. Civ. P. 26(f) in accordance with the Preliminary Scheduling Order 7 no later than 4/11/2025. Signed by Magistrate Judge Katherine P. Nelson on 1/31/2025. (ctn) (Entered: 01/31/2025) |
| 02/13/2025 | 78 | NOTICE of Appearance by Vincent John Montalto on behalf of BASF Corporation (Montalto, Vincent) (Entered: 02/13/2025) |
| 02/13/2025 | 79 | MOTION and APPLICATION for Vincent Montalto to Appear Pro Hac Vice. Attorney affirms that a certificate of good standing that complies with **S.D. Ala. GenLR 83.3(d)** is attached. ( Filing fee $ 100, Receipt number AALSDC-3560941, Online Credit Card Payment) filed by BASF Corporation. (Montalto, Vincent) (Entered: 02/13/2025) |
| 02/13/2025 | | MOTIONS REFERRED: 79 MOTION and APPLICATION for Vincent Montalto to Appear Pro Hac Vice. Referred to Judge Katherine P. Nelson. (meh) (Entered: 02/13/2025) |

| | | |
|---|---|---|
| 02/14/2025 | 80 | ENDORSED ORDER granting 79 MOTION and APPLICATION for Vincent Montalto to Appear Pro Hac Vice for BASF Corporation. Signed by Magistrate Judge Katherine P. Nelson on 2/14/2025. (ctn) (Entered: 02/14/2025) |
| 02/14/2025 | 81 | REPORT AND RECOMMENDATIONS re 18 MOTION to Remand *& Supporting Brief* filed by The Town of Pine Hill, Alabama. It is RECOMMENDED that the motion to remand be GRANTED and that this action be REMANDED to the Circuit Court of Wilcox County, AL under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. Objections to R&R due 14 days from the date of service of this document. Signed by Magistrate Judge Katherine P. Nelson on 2/14/2025. (meh) (Entered: 02/14/2025) |
| 02/14/2025 | 82 | Unopposed MOTION for Extension of Time filed by Daikin America, Inc.. (Attachments: # 1 Exhibit A - To Unopposed Motion for Extension) (Yeilding, Christopher) (Entered: 02/14/2025) |
| 02/14/2025 | 83 | TEXT-ONLY ORDER denying 64 MOTION to Stay re 18 MOTION to Remand *& Supporting Brief 3M Company's Motion to Stay Consideration of Plaintiffs' Motion to Remand Pending the Judicial Panel on Multidistrict Litigation's Final Decision Whether to Transfer This Case to the In RE AFFL MDL*, in light of the Judicial Panel on Multidistrict Litigation's recent order denying transfer (Doc# 82-1). *See also* Rule 2.1(d) of the Rules of Procedure of the U.S. Judicial Panel on Multidistrict Litigation ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). Signed by Magistrate Judge Katherine P. Nelson on 2/14/2025. (ctn) (Entered: 02/14/2025) |
| 02/24/2025 | 84 | ORDER granting 82 Motion for Extension of Time as follows: Defendants shall answer or otherwise respond to the complaint within fourteen (14) days after the Court rules on the Motion to Remand and shall file their Rule 26(f) report within twenty-eight (28) days after the Court rules on the Motion to Remand. Signed by District Judge Kristi K. DuBose on 02/24/2025. (nah) (Entered: 02/24/2025) |
| 02/28/2025 | 85 | Objection re: 81 REPORT AND RECOMMENDATIONS re 18 MOTION to Remand *& Supporting Brief* filed by The Town of Pine Hill, Alabama. Objections to R&R due 14 days from the date of service of this document. *Defendant 3M Company's Objections to Report and Recommendation of Magistrate Judge Nelson*. (Radney, William) (Entered: 02/28/2025) |
| 02/28/2025 | | REFERRAL OF 85 Objection to Judge DuBose. (meh) (Entered: 02/28/2025) |
| 03/06/2025 | 86 | ORDER ADOPTING 81 REPORT AND RECOMMENDATIONS re 18 MOTION to Remand *& Supporting Brief* filed by The Town of Pine Hill, Alabama. It is ORDERED that the motion to remand is GRANTED and this action is REMANDED to the Circuit Court of Wilcox County, AL under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. Judgment shall be entered by separate document in accordance with FRCP 58. Signed by District Judge Kristi K. DuBose on 3/6/2025. (meh) (Entered: 03/06/2025) |
| 03/06/2025 | 87 | JUDGMENT - It is ADJUDGED and DECREED that this civil action is REMANDED to the state court from which it was removed. Signed by District Judge Kristi K. DuBose on 3/6/2025. (meh) (Entered: 03/06/2025) |
| 03/07/2025 | 88 | Remand Letter, Certified Docket Sheet and Order sent via Email to Circuit Court of Wilcox County re 86 Order Adopting Report and Recommendations. (meh) (Entered: 03/07/2025) |
| 03/07/2025 | 89 | NOTICE OF APPEAL re Doc. 87 by 3M Company. ( Filing fee $605 receipt number AALSDC-3576109, Online Credit Card Payment.) (Prater, Harlan) Modified on 3/7/2025 |

| | | |
|---|---|---|
| | | (jmr). (Entered: 03/07/2025) |
| 03/07/2025 | 90 | Appeal Instructions re: 89 Notice of Appeal : The Civil Appeal Statement Form is available on the Internet at www.ca11.uscourts.gov. Transcript Information Form to be filed no later than 3/21/2025. (jmr) (Entered: 03/07/2025) |
| 03/07/2025 | 91 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: 89 Notice of Appeal. Other Appeals: No other Appeals. Judge Appealed: Kristi DuBose. Court Reporter: N/A. Fee Paid. (jmr) (Entered: 03/07/2025) |
| 03/10/2025 | 92 | NOTICE of Docketing Record on Appeal from USCA re 89 Notice of Appeal filed by 3M Company; USCA Case Number 25-10746. (jmr) (Entered: 03/10/2025) |
| 03/14/2025 | 93 | TRANSCRIPT INFORMATION FORM filed by 3M Company re: 89 Notice of Appeal. (Prater, Harlan) (Entered: 03/14/2025) |
| 03/14/2025 | 94 | MOTION to Stay *Remand Order Pending Appeal* filed by 3M Company. (Prater, Harlan) (Entered: 03/14/2025) |
| 03/17/2025 | | MOTIONS REFERRED: 94 MOTION to Stay *Remand Order Pending Appeal*. Referred to Judge DuBose. (meh) (Entered: 03/17/2025) |
| 03/18/2025 | 95 | Order re: 94 MOTION to Stay *Remand Order Pending Appeal* filed by 3M Company. Plaintiff shall file any response on or before 3/28/2025. Signed by District Judge Kristi K. DuBose on 3/18/2025. (meh) (Entered: 03/18/2025) |
| 03/28/2025 | 96 | RESPONSE in Opposition re 94 MOTION to Stay *Remand Order Pending Appeal* filed by The Town of Pine Hill, Alabama. (Griffith, Matthew) (Entered: 03/28/2025) |
| 03/28/2025 | | REFERRAL OF 96 Response in Opposition to Motion to Judge Kristi K. DuBose. (jmr) (Entered: 03/28/2025) |
| 04/02/2025 | 97 | REPLY to Response to Motion 94 *Stay Remand Order Pending Appeal* filed by 3M Company. (Prater, Harlan) (Entered: 04/02/2025) |
| 04/02/2025 | 98 | ORDER granting 94 Motion to Stay, as set out. The Clerk of Court is DIRECTED to notify the state court of this action. Signed by District Judge Kristi K. DuBose on 4/2/2025. (meh) (Entered: 04/02/2025) |
| 05/20/2025 | | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Alabama certifies that the record is complete for purposes of this appeal re: 89 Notice of Appeal, Appeal No. 25-10746. The entire record on appeal is available electronically. (jmr) (Entered: 05/20/2025) |
| 06/24/2025 | 99 | MOTION to Vacate *Transmittal of Remand Order and Request for Expedited Consideration* filed by 3M Company. (Attachments: # 1 Exhibit Plaintiff's State Court Brief on Jurisdiction, # 2 Exhibit State Court Order on Jurisdiction) (Prater, Harlan) (Entered: 06/24/2025) |
| 06/24/2025 | | MOTIONS REFERRED: 99 MOTION to Vacate *Transmittal of Remand Order and Request for Expedited Consideration*. Referred to Judge DuBose. (meh) (Entered: 06/24/2025) |
| 06/25/2025 | 100 | Joinder in MOTION re 99 MOTION to Vacate *Transmittal of Remand Order and Request for Expedited Consideration filed by BASF Corporation and Solenis, LLC*. (Attachments: # 1 Exhibit 1 - Correspondence to Plaintiff, # 2 Exhibit 2 - Correspondence from M.Griffith) (Johnson, Andrew) (Entered: 06/25/2025) |
| 06/26/2025 | 101 | Order re: 99 Defendant 3M Company's MOTION to Vacate Transmittal of Remand Order Pending Appeal and Request for Expedited Consideration. Any Response to this Motion |

| | | |
|---|---|---|
| | | shall be filed on or before July 9, 2025. Signed by District Judge Kristi K. DuBose on 06/26/2025. (lhm) (Entered: 06/26/2025) |
| 07/09/2025 | 102 | RESPONSE to Motion re: 99 MOTION to Vacate *Transmittal of Remand Order and Request for Expedited Consideration* filed by The Town of Pine Hill, Alabama. (Griffith, Matthew) (Entered: 07/09/2025) |
| 07/09/2025 | | REFERRAL OF 102 Response to Motion to Judge DuBose. (jmr) (Entered: 07/09/2025) |
| 07/25/2025 | 103 | MOTION for Vincent J. Montalto to Withdraw as Attorney filed by BASF Corporation. (Montalto, Vincent) (Entered: 07/25/2025) |
| 07/25/2025 | | MOTIONS REFERRED: 103 MOTION for Vincent J. Montalto to Withdraw as Attorney. Referred to Judge Katherine P. Nelson. (jmr) (Entered: 07/25/2025) |
| 07/28/2025 | 104 | TEXT-ONLY ORDER granting 103 MOTION for Vincent J. Montalto to Withdraw as Attorney filed by BASF Corporation. Attorney Vincent John Montalto terminated as counsel of record for BASF Corporation in this action. Signed by Magistrate Judge Katherine P. Nelson on 7/28/2025. (ctn) (Entered: 07/28/2025) |
| 07/29/2026 | 105 | **VACATED per 108** - JUDGMENT of USCA re: 89 Notice of Appeal filed by 3M Company. DECISION: **VACATED** and **REMAND** for further proceedings in the district court. USCA Case No: 25-10746. (Mandate to issue at a later date) (jmr) Modified on 9/2/2026 (jmr). (Entered: 07/29/2026) |
| 08/11/2026 | 106 | **VACATED per 109** - ORDER of USCA withholding issuance of the mandate as to 89 Notice of Appeal filed by 3M Company. (jmr) Modified on 9/2/2026 (jmr). (Entered: 08/11/2026) |
| 08/31/2026 | 107 | **VACATED per 108** - JUDGMENT of USCA "Corrected Opinion" re: 89 Notice of Appeal filed by 3M Company. **DECISION: VACATED and REMANDED** for further proceedings in the district court. USCA Case No: 25-10746. (Mandate to issue at a later date) (jmr) Modified on 9/2/2026 (jmr). (Entered: 08/31/2026) |
| 09/02/2026 | 108 | JUDGMENT of USCA (prior opinion vacated and substitute with this opinion) as to 89 Notice of Appeal filed by 3M Company. Decision: VACATED and REMANDED. USCA Case No: 25-10746. (Mandate to issue at a later date) (jmr) (Entered: 09/02/2026) |
| 09/02/2026 | 109 | ORDER of USCA withholding issuance of the mandate in this appeal is **VACATED** in Doc. 106 USCA Order, as to 89 Notice of Appeal filed by 3M Company. USCA Case No: 25-10746. (jmr) (Entered: 09/02/2026) |
| 10/01/2026 | 110 | MANDATE of USCA re: 89 Notice of Appeal filed by 3M Company. Mandate issued 10/01/2026;USCA Case Number 25-10746. **VACATED and REMANDED** back to District Court per 108 USCA Judgment. (jmr) (Entered: 10/01/2026) |
| 10/13/2026 | 111 | ORDER before the Court on reversal and remand from the Court of Appeals for the Eleventh Circuit (doc. 108 ; doc. 110 , mandate), as set out herein. The order of remand having been vacated and 3M's allegations of jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) (federal officer removal) having been found sufficient, the Clerk is directed to reopen this action and this action is referred to the Magistrate Judge for entry of a Preliminary Scheduling Order. 3M's 99 motion to vacate transmittal of remand order pending appeal is MOOT. Signed by District Judge Kristi K. DuBose on 10/13/2026. (jmr) (Entered: 10/13/2026) |
| 10/13/2026 | 112 | PRELIMINARY SCHEDULING ORDER entered Rule 26 Meeting Report due by 11/27/2026. Signed by Magistrate Judge Katherine P. Nelson on 10/13/2026. (Attachments: # 1 Consent Form) (jmr) (Entered: 10/13/2026) |

| | | |
|---|---|---|
| 10/14/2026 | 113 | ORDER - Accordingly, Defendants 3M Company, Daikin America, Inc., International Paper Company, Shannon Dixon, Steve Webb, Carla Pearson, BASF Corporation, and Solenis LLC, shall, on or before **October 30, 2026, answer or otherwise respond** to the Complaint. Signed by District Judge Kristi K. DuBose on 10/14/2026. (jmr) (Entered: 10/14/2026) |
| 10/15/2026 | 114 | NOTICE of Appearance by William Sutton on behalf of The Town of Pine Hill, Alabama (Sutton, William) (Entered: 10/15/2026) |
| 10/15/2026 | 115 | NOTICE of Appearance by Connor Chase on behalf of The Town of Pine Hill, Alabama (Chase, Connor) (Entered: 10/15/2026) |
| 10/16/2026 | 116 | TEXT-ONLY ORDER re: 72 Disclosure Statement filed by BASF Corporation. The statement is not on the Court's current form, and it cites and tracks only the language of Fed. R. Civ. P. 7.1. This is insufficient to satisfy the additional disclosure requirements of S.D. Ala. CivLR 7.1, which are broader than those of Fed. R. Civ. P. 7.1(a)(1). *See* S.D. Ala. CivLR 7.1(b) ("The Disclosure Statement shall identify the represented entity's general nature and shall identify all parents, subsidiaries, partners, members, managers, trustees, affiliates, and similarly related persons and entities."); Fed. R. Civ. P. 7.1 advisory committees note to 2002 adoption ("Rule 7.1 does not prohibit local rules that require disclosures in addition to those required by Rule 7.1."). BASF is ORDERED to refile its disclosure statement, *using this Court's current form*, fully certifying disclosures required by Fed. R. Civ. P. 7.1 *and* S.D. Ala. CivLR 7.1 no later than 10/30/2026 (form available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf). Signed by Magistrate Judge Katherine P. Nelson on 10/16/2026. (ctn) (Entered: 10/16/2026) |

---


## PACER Service Center

### Transaction Receipt

10/20/2026 09:49:21

| | | | |
|---|---|---|---|
| **PACER Login:** | jbdocketing2023 | **Client Code:** | 72209-10043 |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cv-00284-KD-N |
| **Billable Pages:** | 19 | **Cost:** | 1.90 |

Case 2:24-cv-00284-KD-N Doc# 1-2 Filed 08/07/24 Page 3 of 104 PageID #: 1368

ELECTRONICALLY FILED
7/9/2024 8:57 AM
66-CV-2024-900039.00
CIRCUIT COURT OF
WILCOX COUNTY, ALABAMA
HON. CAROLYN POSEY, CLERK

**IN THE CIRCUIT COURT OF WILCOX COUNTY, ALABAMA**

| | |
|---|---|
| **THE TOWN OF PINE HILL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO:________________** |
| ) | |
| **3M COMPANY, INC.; BASF CORPORATION, DUPONT DENEMOURS, INC.; CORTEVA, INC.; EIDP, INC., F/K/A E.I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; DAIKIN AMERICAN, INC.; INTERNATIONAL PAPER COMPANY; SHANNON DIXON STEVE WEBB;CARLA PEARSON; SOLENIS LLC; and FICTITIOUS DEFENDANTS A-J, those persons, corporations, Partnerships or entities who acted with as principal or agent, for or in concert with the other named Defendants and/or whose acts caused or contributed to the damages sustained by the Plaintiff, whose identities are unknown to the Plaintiff, but which will be substituted by amendment when ascertained,** ) | **<u>TRIAL BY JURY REQUESTED</u>** |

## <u>COMPLAINT</u>

The Town of Pine Hill files the following Complaint against 3M Company, Inc.; BASF Corporation; DuPont DeNemours, Inc.; Corteva, Inc..; EIDP, Inc., f/k/a E.I. Du Pont de Nemours and Company; The Chemours Company; Daikin American, Inc..; International Paper Company; Shannon Dixon; Steve Webb; Carla Pearson; Solenis LLC; and Fictitious Defendants A-J (collectively “Defendants”), alleging as follows:

## STATEMENT OF THE CASE

1. Plaintiff, Town of Pine Hill ("Pine Hill") has and continues to be damaged due to the negligent, willful, and wanton conduct of the Defendants, as well as the nuisance and trespass caused by the past and present release of toxic chemicals, including per- and poly-fluoroalkyl substances ("PFAS") (other than Aqueous Film Forming Foam) and related chemicals from paper mills, namely International Paper.

2. Each of the Defendants, jointly and severally, have actively caused PFAS pollution to the Alabama River, specifically the portion of the river from which Pine Hill draws raw water.

3. At the intake site on the Alabama River, the raw water contains levels of PFAS well exceeding the EPA's Maximum Contaminant Levels.

4. There is no detectible concentration of either PFOA or PFOS in drinking water that is without adverse health effects.

5. Pine Hill provides treated drinking water directly to its own residential and commercial customers in the Town of Pine Hill, as well as to other customers in or around Wilcox County.

6. Certain named and Fictitious Defendants supply chemical products and materials to paper mills located upstream of Pine Hill's water intake site. Certain named and Fictitious Defendants use chemical compounds, products, and materials that contain or degrade into PFAS. Industrial wastewater released into the environment from manufacturing plants contains high levels of PFAS.

7. Certain named and Fictitious Defendants' manufacturing facilities release PFAS directly into the environment through wastewater, air emissions, and stormwater. These releases contaminate the Alabama River with PFAS, among other toxic chemicals.

8. Named and Fictitious Defendants' PFAS (other than Aqueous Film Forming Foams) have contaminated the Alabama River at Pine Hill's water intake site, and the chemicals cannot be removed by the water treatment processes that Pine Hill currently utilizes.

9. As a direct and proximate result of Defendants' contamination of Pine Hill's raw water source, Pine Hill has suffered substantial economic and consequential damage, including, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing PFAS from the water; expenses associated with the removal or remediation of contaminated property; expenses incurred to monitor PFAS contamination levels; and expenses associated with responsible disposal of PFAS laden waste.

10. Pine Hill seeks compensatory and punitive damages to the fullest extent allowed by award from a jury. Pine Hill also seeks equitable and injunctive relief compelling the Named and Fictitious Defendants to remediate their contamination and prevent additional releases of PFAS and other toxic chemicals into Pine Hill's raw water source.

## JURISDICTION

11. Jurisdiction is proper in this Court pursuant to Ala. Code §12-11-30(1) (1975), as Pine Hill's claims exceed $20,000.

12. Pine Hill asserts no federal cause of action in this Complaint.

13. Venue is proper in this Court pursuant to Ala. Code § 6-3-7(a)(1), as a substantial part of the events giving rise to the claims occurred in Wilcox County.

14. Defendants' wrongful acts which form the basis of this Complaint, including the ongoing and continuing trespass and the creation of an ongoing and continuing nuisance, injured

Pine Hill in Wilcox County within the applicable statutes of limitations and/or have caused ongoing and continuing damages suffered by Pine Hill within the applicable statutes of limitations.

**PARTIES**

15. The Town of Pine Hill is a municipality located in Wilcox County, Alabama, organized under the laws of the State of Alabama.

16. Defendant 3M Company ("3M") is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Among other acts and omissions, 3M has for many years manufactured and supplied PFAS to one or more of the Defendants in this action. 3M continues to manufacture PFAS.

17. Defendant BASF Corporation ("BASF") is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Defendant BASF has for many years manufactured and supplied PFAS to the paper industry for use in paper products and goods.

18. Defendant EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company ("Old DuPont") is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Among other acts and omissions, Defendant EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company has manufactured and supplied PFAS to paper mills.

19. Defendant The Chemours Company ("Chemours"), a spin-off of EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company, is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Among other acts and omissions, Defendant Chemours has manufactured and supplied PFAS to paper mills. Upon information and

belief, Chemours "remains committed" to fluorine (also known as PFAS) chemistry and continues to make and sell PFAS.

20. Defendants EIDP, Inc., f/k/a E.I. du Pont de Nemours and Company and the Chemours Company shall hereinafter be referred to collectively as "DuPont."

21. Defendant DuPont de Nemours, Inc. ("New DuPont"), is a foreign corporation causing injury in Wilcox County. In 2015, after Old DuPont spun off Chemours, Old DuPont merged with Dow, Inc., not a party to this case, and transferred Old DuPont's historic assets and liabilities to other entities, including New DuPont. In connection with these transfers, on information and belief, New DuPont assumed or purported to assume, certain Old DuPont liabilities — including those relating to PFAS, as in the instant case. New DuPont's assumption of these liabilities creates contacts sufficient with the State of Alabama such that it is fair to assert jurisdiction over it.

22. Defendant Corteva, Inc. is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. In 2019, New DuPont spun off a new, publicly traded company, Corteva, which currently holds Old DuPont as a subsidiary. In connection with these transfers, on information and belief, Corteva assumed or purported to assume certain Old DuPont liabilities—including those relating to PFAS as in the instant case.

23. New Dupont, Old Dupont, and Corteva are collectively the "Dupont Defendants."

24. Defendant Daikin America, Inc. ("Daikin") is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Defendant Daikin has for many years manufactured and supplied PFAS to paper mills. Daikin America is the self-professed "world's foremost developer and manufacturer of fluorochemical products."

25. Defendant International Paper Company ("International Paper") is a foreign corporation qualified to do business in the State of Alabama and is causing injury in Wilcox County. Defendant International Paper operates paper mills that discharge PFAS into the Alabama River.

26. Defendant Shannon Dixon is an Environmental Manager at the International Paper Pine Hill Mill. Defendant Dixon is an adult resident of the State of Alabama and is causing injury in Wilcox County.

27. Defendant Steve Webb is a Mill Manager at the International Paper Pine Hill Mill. Defendant Webb is an adult resident of the State of Alabama and is causing injury in Wilcox County.

28. Defendant Carla Pearson is an Environmental Specialist at the International Paper Riverdale Mill in Selma, Alabama. Defendant Pearson is an adult resident of the State of Alabama and is causing injury in Wilcox County.

29. Defendant Solenis LLC ("Solenis") is a foreign limited liability company qualified to do business in the State of Alabama and is causing injury in Wilcox County. Solenis supplies PFAS to paper mills. The discharge from these paper mills' manufacturing processes includes PFAS, which in turn pollutes the environment – including the Alabama River.

30. Fictitious Defendants A, B, C, D, E, F, G, H, I, & J are those persons, corporations, partnerships, or entities who released PFAS and their precursor compounds, including, but not limited to PFOA, PFOS, and related chemicals into the water supply upstream of Pine Hill's intake site, who acted either as principal or agent, for or in concert with the named Defendants, and/or whose acts caused or contributed to the damages sustained by Pine Hill, whose identities are unknown to Pine Hill, but which will be substituted by amendment when ascertained.

## FACTUAL ALLEGATIONS

31. PFAS are man-made, laboratory-produced, synthetic chemicals that do not exist naturally in the environment, are harmful at extremely low levels, and for decades were widely used in consumer, household, and other commercial products, as well as industrial uses. PFAS are a class of nearly 12,000 individual compounds which includes the individual compounds known as PFOA and PFOS.

32. Despite the existence of 12,000 individual compounds, current EPA certified laboratory testing methods can only detect less than thirty individual PFAS compounds in drinking water.

33. Defendants' PFAS and PFAS-containing products are known to contain a number of PFAS impurities and precursors that current laboratory methods cannot yet detect.

34. Defendants are owners and operators of, or the chemical and material suppliers to, paper mills which use various PFAS and PFAS containing products in the manufacturing process.

35. Defendants and their paper mill customers have and continue to release PFAS, their precursors, and related chemicals directly into the environment and abutting rivers in their industrial wastewater, emissions, stormwater, and solid waste. This PFAS laden waste enters and then pollutes the Alabama River.

36. Defendants 3M, BASF, DuPont, Daikin, and Solenis ("Manufacturing Defendants") manufacture, supply, and sell PFAS and products that contain PFAS which are used in paper manufacturing in Alabama, specifically by International Paper. Paper manufacturing is a significant source of PFAS contamination in the Alabama River. PFAS manufacturers collaborate closely with their customers in the formulation of PFAS, application, and disposal processes.

37. Companies that manufacture coated paper and cardboard, specifically International Paper, treat products with PFAS and/or PFAS containing products.

38. In addition to releasing PFAS in industrial wastewater as described above and herein, Defendants have also released PFAS by way of emissions, leaks, and spills into stormwater drains and sewers which feed into local creeks, streams, and rivers that ultimately reach the Alabama River in Wilcox County.

39. Defendants knew that PFAS should not be released in wastewater or to stormwater which impacts local creeks, streams, and tributaries to the Alabama River

40. Pine Hill does not allege contamination of drinking water sources occurred through Aqueous Film-Forming Foam. Contamination found in Pine Hill's drinking water and drinking water source includes PFAS not found in Aqueous Film-Forming Foam.

41. PFAS are pervasive in industrial and consumer products such as paper and containerboard. The stable carbon-fluorine bonds that make PFAS so pervasive in industrial and consumer products also results in their environmental persistence, as there is no known environmental degradation mechanism for these chemicals.

42. In 2009, based on the science available at that time, EPA published provisional drinking water health advisories for short-term exposure (weeks to months) to PFOA and PFOS. The short-term health advisory for PFOA was 400 parts per trillion ("ppt"), or 0.4 parts per billion ("ppb"). The advisory for PFOS was 200 ppt, or 0.2 ppb.

43. On May 19, 2016, due to the evolution of the science surrounding the health effects associated with the consumption of PFOA and PFOS in drinking water, EPA published a lifetime Drinking Water Health Advisory of 70 ppt (0.07 ppb) for combined concentrations of PFOA and PFOS ("May 2016 EPA Health Advisory" or "Health Advisory limit").

44. On June 15, 2022, the EPA again lowered the 2016 Drinking Water Health Advisory to 0.004 ppt for PFOA and 0.02 ppt for PFOS, meaning there is no detectible concentration of either PFOA or PFOS in drinking water that is without adverse health risks. It also issued new drinking water health advisories for 10 ppt for GenX compounds and 2,000 ppt for PFBS.

45. On April 10, 2024, the EPA announced the Final National Primary Drinking Water Regulation for six PFAS compounds, including PFOA and PFOS. The final Maximum Contaminant Level ("MCL") for PFOA and PFOS are each 4.0 ppt.

The Final health-based Maximum Contaminant Level Goal for PFOS and PFOA is **zero**.

46. While Defendants have long been aware of the persistence and toxicity of certain chemicals, Defendants have knowingly and intentionally caused releases of these chemicals into the rivers and watersheds which supply Pine Hill's raw water.

47. The Manufacturing Defendants have known for at least 40 years that certain PFAS persist in the environment and accumulate in the bodies of humans, fish, and test animals.

48. DuPont Defendants have long been aware of the persistence and toxicity of PFAS, yet knowingly and intentionally continued to promote and sell these chemicals to the paper and textile manufacturing industries including International Paper. Such promotions included literature sponsored by Defendants suggesting these chemicals are not harmful.

49. For decades, 3M manufactured PFOA and sold it to DuPont Defendants for its manufacture of Teflon and other products. In May 2000, 3M decided to stop producing PFOA. Despite DuPont's knowledge of the risks to human health posed by PFOA, in response to the withdrawal of 3M from the market, DuPont opened its own plant to manufacture PFOA.

50. In 2015, Dupont spun off its performance chemicals business (which included the design, manufacture, marketing, and sale of PFAS, as well as the environmental liabilities) to Chemours.

51. Defendants have long supplied PFAS to the paper industry in Alabama.

52. Daikin America is the self-professed "world's foremost developer and manufacturer of fluorochemical products" and "largest supplier of flourorepellents [sic] in the word."

53. Upon information and belief, Daikin continues to sell PFAS chemistry, manufactured in Alabama and elsewhere for use in the paper and containerboard industries.

54. BASF is the self-professed "world's leading supplier of chemicals to the paper and board industry" and a PFAS manufacturer for the paper industry.

55. Solenis is a chemical manufacturer and upon information and belief, a significant manufacturer of PFAS chemicals for the paper industry.

56. Upon information and belief, 3M, Dupont Defendants, BASF, Solenis, and Daikin sold PFAS treatment to create oil and grease-resistant paper to paper mills and for use in other paper-manufacture processes, including to International Paper in Alabama.

57. International Paper operates three paper mills that discharge wastewater to the Alabama River and its tributaries.

58. International Paper's Prattville, Alabama mill manufactures containerboard and discharges wastewater containing PFAS to Autauga Creek and the Alabama River.

59. International Paper's Riverdale Mill in Selma, Alabama manufactures specialty paper including containerboard and discharges wastewater containing PFAS to the Alabama River

60. International Paper's Pine Hill Mill manufactures containerboard for industrial packaging and cardboard and discharges wastewater, landfill leachate, and stormwater containing PFAS to the Alabama River

61. Upon information and belief, Shannon Dixon, Steve Webb, and Carla Pearson, each personally participated in the tortious conduct of International Paper by failing to properly capture PFAS-laden material, waste, waste streams, and effluent in a water-intensive manufacturing process, causing PFAS contamination of the Alabama River upstream and adjacent to Pine Hill's source water intake. These Defendants did this despite knowledge that PFAS is toxic, biomagnifying, does not degrade, and does not naturally dissipate in surface waters.

62. Based on information and belief, all Defendants knew or should have known that, in its intended and/or common use, PFAS would very likely injure and/or threaten public health and the environment, where this knowledge and information was accessible to all Defendants.

63. Based on information and belief, all Defendants knew or should have known that PFAS are mobile and persistent, bioaccumulative, biomagnifying, and toxic. Despite this knowledge, Manufacturing Defendants concealed from the public and government agencies their knowledge of the risk of harm to the public posed by PFAS.

64. In 2002, EPA took regulatory action under the Toxic Substances Control Act to limit the future manufacture of PFOA, PFOS, and related chemicals based on the persistence and toxicity of these chemicals. In response, Manufacturing Defendants undertook to develop and manufacture and supply PFAS with six or fewer carbons, such as GenX, referred to as Short-Chain PFAS.

65. Defendants are aware that, like PFOA and PFOS, these Short-Chain PFAS are also not subject to biodegradation, can accumulate in human blood, and pose a risk to human health.

66. Pine Hill's testing for PFAS has detected levels of PFOS and PFOA that exceed the 2024 EPA Maximum Contaminant Levels. In addition, Pine Hill has found other PFAS in its water supply, including Short-Chain PFAS.

67. Pine Hill's current water filtration systems are not designed for removing PFAS to levels below the 2024 EPA Maximum Contaminant Levels.

68. Pine Hill will continue to incur costs of disposing of PFAS laden waste from water filtration media and sewage sludge.

69. Due to the high levels of PFAS found in its water supply, Pine Hill has and will continue to incur additional expenses and potential lost profits.

70. Due to the ongoing and continuing trespass, Pine Hill has suffered and continues to suffer substantial damage to real property by Defendants' invading and contaminating the pipes, appurtenances, filters, and fixtures on Pine Hill's real property with PFAS.

71. Due to the ongoing and continuing trespass, Pine Hill has suffered and continues to suffer substantial damage to personal property by Defendants' invading and contaminating the pipes, appurtenances, filters, and fixtures on Pine Hill's personal property, and Pine Hill's finished drinking water with PFAS.

72. As a direct and proximate result of Defendants' contamination of Pine Hill's water supply, Pine Hill has been damaged by, including, but not limited to, past and future monitoring and testing expenses, PFAS containing sludge disposal costs, potential lost revenues and profits, and expenses in remediating Defendants' contamination.

73. Pine Hill is not seeking to recover through this Complaint any relief for contamination or injury related to Aqueous Film Forming Foam that contains PFAS.

## COUNT ONE

### Negligence

74. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

75. Defendants owed a duty to Pine Hill to exercise due and reasonable care in their distribution, sales, manufacturing, disposal, and other operations to prevent the contamination of PFAS into the water supply.

76. As described herein, Defendants jointly and severally breached duties owed to Pine Hill, including failing to prevent PFAS contamination in the Alabama River. Under the circumstances, Defendants' breaches constitute negligent, willful, and/or reckless conduct. Defendants' conduct, practices, actions, and inactions combined and concurred to harm Pine Hill, and as a result Pine Hill has incurred damages and will incur reasonably ascertainable expenditures in the future.

WHEREFORE, Pine Hill demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT TWO

### Public Nuisance

77. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

78. Pine Hill owns and occupies property used to serve its water customers, including a water treatment plant, water distribution system, and offices.

79. Defendants have created a nuisance by failing to prevent the contamination of PFAS into the waters throughout the State of Alabama, which has caused and continues to cause

contamination of Pine Hill's water supply, thereby causing Pine Hill hurt, inconvenience, and harm.

80. The specific damages incurred by Pine Hill include, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing Defendants' chemicals from the water; expenses incurred to monitor PFAS contamination levels; expenses incurred to remediate Defendants' contamination; expenses to properly dispose of PFAS removed from drinking water; and lost profits and sales. These special damages are unique to drinking water treatment providers like Pine Hill.

81. It was reasonably foreseeable, and in fact known to Defendants, that their actions would place, and have placed, Pine Hill at risk of harm. The nuisance has caused substantial damage and will continue to cause damages until it is satisfactorily abated.

WHEREFORE, Pine Hill demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT THREE

### Private Nuisance

82. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

83. Defendants have created a private nuisance by their failure to prevent the contamination of PFAS of Pine Hill's water treatment facilities, thereby causing Pine Hill hurt, inconvenience, and harm.

84. The contamination of Pine Hill's water treatment facilities constitutes a private nuisance depriving Pine Hill of the ability to deliver clean and uncontaminated water and sewer services to its customers.

85. It was reasonably foreseeable, and in fact known to Defendants, that their actions would combine and concur to contaminate, and have contaminated, and will continue to contaminate Pine Hill's water treatment facilities. The nuisance has caused substantial damage and will continue to cause damage until it is satisfactorily abated.

WHEREFORE, Pine Hill demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT FOUR

### Trespass

86. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

87. Pine Hill owns and occupies property used to serve its water customers, including water treatment plants, water distribution system, sewer treatment facilities, and offices.

88. Pine Hill produces and sells personal property to customers in the form of finished drinking water.

89. Defendants' intentional acts in failing to contain the release of PFAS, the trespassing agent, knowing that they would contaminate water, caused an invasion of Pine Hill's real and personal property by Defendants' PFAS chemicals, which has affected and is affecting Pine Hill's interest in the exclusive possession of its property.

90. Pine Hill did not consent to the invasion of their property by Defendants' PFAS chemicals.

91. Defendants knew or should have known that their PFAS would contaminate the water supply and facilities and result in an invasion of Pine Hill's possessory interest in their real and personal property.

92. Defendants' trespass is continuing.

93. Defendants' continuing trespass has impaired Pine Hill's use of real and personal property and has caused substantial damage by diminishing its value.

WHEREFORE, Pine Hill demands judgment for compensatory damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT FIVE

### Wantonness and Punitive Damages

94. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

95. Defendants owed a duty to Pine Hill to exercise due and reasonable care in their manufacture, distribution, supply, and use of PFAS and to prevent the release of PFAS into the water supply.

96. In breaching the duties described above and herein, Defendants acted in a wanton, willful, and reckless manner.

97. Defendants knew or should have known the danger to Pine Hill created by Defendants' conduct, practices, actions, and inactions.

98. Defendants knew or should have known of the likely impact, harm, damage, and injury their conduct would have on the Pine Hill.

99. Defendants' conduct, practices, and inactions evidence Defendants' reckless disregard of the known risk of harm to the Pine Hill.

100. Defendants' conduct, practices, and inactions combined and concurred to harm Pine Hill.

WHEREFORE, Pine Hill demands judgment for punitive damages against all Defendants, jointly and severally, in an amount to be determined by a struck jury in an amount in excess of the jurisdictional minimum of this Court, past and future, plus interest and costs.

## COUNT SIX

### Injunctive Relief

101. Pine Hill incorporates all prior paragraphs by reference as if fully set forth herein.

102. Pine Hill requests that this Court enter an Order enjoining Defendants from continuing the conduct described above and requiring Defendants to take all steps necessary to remove their chemicals from Pine Hill's water supplies and property.

103. There is continuing irreparable injury to Pine Hill if an injunction does not issue, as Defendants' chemicals in the water supply pose a continuing threat to Pine Hill's property interests, and there is no adequate remedy at law.

WHEREFORE, Pine Hill demands injunctive relief against all Defendants, jointly and severally, requiring Defendants to remove their chemicals from Pine Hill's water system and to prevent these chemicals from continuing to contaminate Pine Hill's water supply.

## RELIEF DEMANDED

WHEREFORE, Pine Hill respectfully requests this Court grant the following relief:

a) Award Pine Hill damages in an amount to be determined by a jury sufficient to compensate it for removing PFAS from Pine Hill's drinking water and facilities, disposing of PFAS removed from Pine Hill's drinking water, real property damage, out of pocket expenses, potential lost profits and sales, and future expenses.

b) Issue an injunction requiring Defendants to remove their chemicals from Pine Hill's water supply and to prevent these chemicals from continuing to contaminate Pine Hill's water supply and facilities.

c) Award attorney fees and costs and expenses incurred in connection with the litigation of this matter.

d) Award such other and further relief as this Court may deem just, proper, and equitable.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

Dated: July 9, 2024

Respectfully submitted,

*/s/ Matthew R. Griffith*

JERE L. BEASLEY (BEA020)
Jere.Beasley@beasleyallen.com
RHON E. JONES (JON093)
Rhon.Jones@beasleyallen.com

DAVID L. DIAB (DIA016)
David.Diab@BeasleyAllen.Com
MATTHEW R. GRIFFITH (GRI085)
Matt.Griffith@BeasleyAllen.com
JEFF D. PRICE (PRI086)
Jeff.Price@BeasleyAllen.com
GAVIN F. KING (KIN099)
Gavin.King@BeasleyAllen.com
ELIZABETH G. WEYERMAN (WEY001)
Elizabeth.Weyerman@BeasleyAllen.com
Beasley, Allen, Crow, Methvin, Portis
& Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103
T: 334-269-2343
F: 334-954-7555

Attorneys for Plaintiff

DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL